*In re* JOSÉ PÉREZ BENABE, querellado.

*Número:* AB-92-110          *Resuelto:* 19 de mayo de 1993

*Reina Colón de Rodríguez, Subprocuradora General, Rose Mary Corchado Lorent, Subprocuradora General Interina, e Yvonne Casanova Pelosi, Procuradora General Auxiliar,* abogadas de El Pueblo.

PER CURIAM: Mediante un escrito presentado el 30 de noviembre de 1992, el Procurador General de Puerto Rico nos informó que, a pesar de sus gestiones, el abogado José Pérez Benabe no había brindado una contestación adecuada a sus requerimientos en cuanto a la queja presentada en su contra por el Sr. Wilfredo García García.[1] Además, éste no había dado una explicación por el anuncio que publicó en el periódico *El Vocero de Puerto Rico* el 8 de octubre de 1992, en el cual el referido abogado le ofrecía sus servicios a cualquier persona interesada en demandar al Sr. García García bajo la ley federal conocida popularmente como el *RICO Act*, 18 U.S.C. sec. 1961 *et. seq.*

Ante el incumplimiento del abogado Pérez Benabe, el 18 de diciembre de 1992 le concedimos un término para que compareciera de forma escrita a la Oficina de la Procuradora General de Puerto Rico y proveyera una contestación adecuada a la queja presentada. El 13 de enero de 1993 uno de los alguaciles de este Tribunal le notificó ésta personalmente, mediante una copia de la resolución.

---

[1] En su queja, el Sr. Wilfredo García García alegó, en síntesis, que había adquirido pagarés hipotecarios emitidos y negociados por la P.B. Investment Corp., la cual es presidida por el abogado Pérez Benebe, y que, en un claro conflicto de intereses, el referido abogado fungió como notario en la otorgación de las escrituras sobre constitución de hipotecas. Según el señor García García, algunas de estas escrituras nunca fueron presentadas ante el Registro de la Propiedad y, una vez negociados los pagarés, la P.B. Investment vendió las propiedades que supuestamente garantizaban estos pagarés. Además de lo reseñado, el quejoso adujo que aquellos pagarés, cuyas hipotecas constaban en el registro, ya habían sido saldados por los deudores hipotecarios, quienes habían hecho entrega de sus pagos al abogado Pérez Benabe, sin que, hasta el presente, éste le hubiese entregado al quejoso el importe recibido.

Según consta en el escrito que presentó la Procuradora ante este Tribunal el 17 de febrero de 1993, el abogado Pérez Benabe no cumplió con nuestra orden, por lo cual nos vimos precisados a emitir una nueva resolución el 19 de febrero de 1993. En esta resolución, notificada el 4 de marzo de 1993, le concedimos un término de veinte (20) días a partir de esta notificación, para que contestara la queja presentada. El abogado tampoco ha cumplido esta nueva orden.

La actitud del abogado Pérez Benabe viola las normas éticas que exigen al abogado un comportamiento estricto con las órdenes de este Tribunal.

"Todos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal respecto a una queja presentada en su contra que está siendo investigada." *In re Colón Torres*, 129 D.P.R. 490, 494 (1991). Nuestro Tribunal no tolerará la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. *In re Nicot Santana*, 129 D.P.R. 717 (1992).

En estas circunstancias, *se decreta la suspensión provisional del abogado José Pérez Benabe del ejercicio de la profesión de abogado.*

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García no intervino.