*In re* ANTONIO RÍOS ACOSTA, querellado.

*Número:* CP-96-5          *Resuelto:* 19 de mayo de 1997

*Antonio Ríos Acosta, pro se*; *Máximo Molina Fragosa*, abogado del querellado; *Agustín Mangual Hernández*, Comisionado Especial.

PER CURIAM: El 8 de marzo de 1996, luego de examinar el Informe sobre Conducta Profesional presentado por el Colegio de Abogados de Puerto Rico en torno a la conducta profesional desplegada por el Lcdo. Antonio Ríos Acosta, ordenamos al Colegio de Abogados presentar la correspondiente querella, la cual fue presentada el 10 de abril de 1996. En ésta se le imputó al querellado haber violado los Cánones 12, 18 y 19 del Código de Etica Profesional, 4 L.P.R.A. Ap. IX. El licenciado Ríos Acosta contestó la querella el 18 de junio y el 28 de ese mes nombramos Comisionado Especial al Lcdo. Agustín Mangual Hernández.

Así las cosas, luego de celebrar la vista evidenciaria los días 20 de noviembre y 16 de diciembre de 1996, el Comisionado Especial rindió su informe el 15 de enero de 1997. De éste surge que dieron lugar a la presentación de la querella tanto los problemas que confrontó el licenciado Ríos Acosta al tratar de actualizar el tracto sucesivo para lograr la inscripción en el Registro de la Propiedad de la Escritura Núm. 77 de 18 de diciembre de 1991, sobre Compraventa, como posteriormente su total desatención a los requerimientos del Colegio de Abogados, relacionados con la investigación de la queja presentada en su contra por el Sr. Rafael Delgado Dávila. Mediante una notificación, el Registrador señaló que del Registro de la Propiedad surgía que la finca tenía un defecto subsanable, por no expresar el estado civil de la promovente al adquirirla.

Los hechos, según surgen del informe preparado por el Comisionado Especial, son los siguientes:

1. El Lcdo. Antonio Ríos Acosta fue admitido por este Honorable Tribunal Supremo a practicar la profesión de abogado el día 28 de mayo de 1976 y la Notaría día 17 de junio del mismo año.
2. El día 18 de diciembre de 1991 y ante el Notario, Ríos

Acosta, se otorgó la Escritura Núm. 77 de Compraventa, mediante la cual el Sr. Rafael Delgado Dávila, en su carácter de Presidente de Professional Elevator Services, Inc., adquirió la siguiente propiedad:

" 'Urbana": Parcela de terreno radicada en el Barrio Monacillos del término municipal de Río Piedras, Puerto Rico, compuesta de mil ciento setenta punto diez y nueve [sic], (1,170.19) metros cuadrados. En lindes por el NORTE en quince metros (15m) con cincuenta centímetros (50cm), con veintitrés centímetros (23cm), con treinta centímetros (30cm) con la carretera de Caguas a Guaynabo hoy carretera estatal número noventa y uno (91); por el ESTE en sesenta y un metros (61m), con setenta centímetros (70cm) con terrenos de Don Modesto Jorge; por el OESTE en cincuenta y nueve metros (59m), cuarenta centímetros (40cm) con Don Carlos Reyes. Enclava una casa de concreto dedicada a vivienda.

'INSCRITA': Al Folio Núm. SIETE MIL SEISCIENTOS CUARENTA y CINCO (7,645) Registro de la propiedad de Puerto Rico, Sección Segunda de San Juan."

En la misma fecha se otorgó ante el mismo notario y por las mismas partes la Escritura Núm. 78 sobre Constitución de Hipoteca en Garantía de Pagaré. (Exhibit 11 del Querellado).

El Lcdo. Ríos Acosta, presentó dichas Escrituras el 1ro de marzo de 1991, en la Sección III del Registro de la Propiedad de San Juan (Exhibit 5 del Querellado).

3. El Lcdo. Ríos Acosta fue contratado por el Sr. Delgado Dávila para llevar a cabo, también, la gestión de lograr la inscripción de dicha Escritura en el Registro de la Propiedad. (Exhibit 8 del Querellado).

4. En enero 22 de 1992, el Registrador de la Propiedad le notificó al Lcdo. Ríos Acosta, que la instancia de fecha 9 de diciembre de 1991, que surgió como consecuencia del caso civil Núm. 81124, sobre Declaratoria de Herederos, radicado en el Tribunal de Distrito, Sala de Humacao, adolecía del defecto subsanable de no expresar el estado civil de la promovente al adquirir la finca (Exhibit 5 del Querellado).

5. El notario Ríos Acosta presentó otras instancias de fechas 21 y 26 de junio de 1990 y a las mismas se les notificó el mismo defecto subsanable que se expresó originalmente.

6. Según la cuarta cláusula del segundo Folio de la Escritura Núm. 78 mencionada, el pagaré otorgado no devengaría intereses hasta el día de su pago definitivo (Exhibit 11 del Querellado).

7. El Lcdo. Ríos Acosta continuó haciendo las gestiones tratando de cumplir con los requisitos que exigía el Registrador de la Propiedad para que dichos documentos fueran inscribibles.

8. El día 2 de mayo de 1991, el Lcdo. Israel Crespo le envió la siguiente comunicación al Lcdo. Ríos Acosta:

"Le acompaño Proyecto de Contrato de Arrendamiento para la extensión del contrato que en representación de la sucesión de Doña Dolores Santos firmara la Sra. Juana Loyda Centeno Santos con Don Rafael Delgado Dávila en diciembre de 1990.

Aunque sé que se hacen gestiones encaminadas a acelerar los trámites ante el Registro de la Propiedad para llevar a cabo el negocio de la compraventa de la propiedad objeto del mencionado contrato, me preocupa la situación actual de mi cliente. El Sr. Delgado entregó una suma sustancial de dinero como precio de la opción y ha realizado varias mejoras en la propiedad confiando que el negocio se realizaría antes de marzo de 1991, sin embargo, todavía en el Registro no se han completado los trámites para poner a nombre de los sucesores de Dolores Santos y Félix Centeno la propiedad. Este hecho ha impedido que podamos nosotros adelantar los trámites de refinanciamiento por parte del Banco del Sr. Delgado.

Como ve esta situación tomará un poco de tiempo luego de resuelto lo del Registro, por esta razón y en protección del Sr. Delgado solicito sus buenos oficios para que la Sra. Juana Loyda Centeno firme y nos devuelva la extensión del contrato según el proyecto que le acompaño." (Exhibits IX y X del Querellado).

9. El día 24 de febrero de 1992, la Sra. Carmen I. Cruz, secretaria de Professional Elevator Services, Inc., le envió una comunicación al Lcdo. Ríos Acosta que dice lo siguiente:

"El día 13 de diciembre de 1991, firmamos la Escritura de la propiedad que adquirimos en el Bo. Monacillos de Río Piedras, con la Sra. Juana L. Centeno Santos.

Esperamos un tiempo prudente y luego nos comunicamos con usted a través del Lcdo. Israel Crespo, así como nosotros personalmente. Todavía, y al día de hoy, no nos ha respondido.

Es por eso que le inquirimos sobre la presentación de dicha Escritura al Registro de la Propiedad, ya que estamos haciendo gestiones con el Banco y ellos nos informan que dicha Escritura no se ha presentado al Registro de San Juan.

Necesito que nos envíe por fax la boleta de presentación para hacerla llegar a las Autoridades Bancarias. Nuestro núm. de fax es 783–0991.

Agradecemos y esperamos su pronta atención a este asunto, pues nos urge." (Exhibit 4 del Colegio de Abogados).

10. En el año 1993, el Sr. Rafael Delgado Dávila se querelló al Colegio de Abogados de la conducta del Lcdo. Ríos Acosta.

11. El Presidente de la Comisión de Ética del Colegio le envió la siguiente comunicación con acuse de recibo al Lcdo. Ríos Acosta el 8 de marzo de 1993:

"Estimado compañero: Adjunto comunicación enviada por Rafael Delgado Dávila con relación a su conducta profesional. La Comisión de Etica Profesional del Colegio ha determinado enviarle copia de dicha comunicación para que nos exprese por escrito su posición al respecto. Se le concede un término de quince (15) días, a partir del recibo de la presente, para que nos informe sobre este asunto pendiente ante esta Comisión. Favor de radicar su contestación en original y copia."

La mencionada comunicación fue recibida por un señor de apellido Avila que, según declaró el Querellado, trabajaba en su oficina.

El Querellado no respondió a dicha comunicación.

12. El día 5 de agosto de 1993, nuevamente, el Presidente de la Comisión de Etica del Colegio se dirigió al Querellado en los siguientes términos:

"La Comisión de Etica Profesional le requiere que comparezca ante este organismo para la celebración de la vista en su fondo, de acuerdo a las disposiciones del Artículo X, inciso 7 del Reglamento de esta Comisión, en relación con el caso de epígrafe. El día martes, 21 de septiembre de 1993 a las 5:30 p.m.

Lo esperamos en la sede del Colegio de Abogados, Ave. Ponce de León, Núm. 808, Miramar, Santurce, P.R.

Le apercibimos que de no comparecer, la Comisión podrá resolver la queja sin más oirle."

Dicha comunicación se envió por Correo Certificado con acuse de recibo y, también, lo firmó un tal "Guelo" que el Querellado admite que para esa fecha era un empleado de su oficina.

El Querellado no respondió a dicha comunicación, ni compareció a la vista señalada para el día 21 de septiembre de 1993.

13. El día 13 de abril de 1994, volvió el Presidente de la Comisión de Ética del Colegio, mediante acuse de recibo #P413-954178, a enviarle la siguiente comunicación al Querellado:

"De conformidad con el Reglamento de la Comisión de Etica del Colegio de Abogados, adjunto el Informe que será sometido a la Junta de Gobierno en el caso de epígrafe.

Le advertimos que podrá presentar sus objeciones dentro de un término de treinta (30) días a contar de la fecha de esta notificación. Al cabo de dicho término, se continuará con el trámite administrativo de esta queja."

El Querellado no contestó dicha comunicación.

Posteriormente, el Colegio de Abogados dictó una resolución en la Querella 9330-38 (Exhibit 13 del Querellado).

14. El Lcdo. Ríos Acosta visitó la Oficina de Administración de los Tribunales para tratar de localizar en los archivos del Tribunal Superior de San Juan el expediente del caso civil Núm. 37-10966. El mismo no apareció y así se hizo constar en una Certificación expedida el 12 de julio de 1996, por dicha Oficina (Exhibit 2 del Querellado).

El Querellado continuó haciendo las gestiones para lograr la inscripción de las mencionadas Escrituras y, finalmente, logró que otro abogado que representaba al Sr. Delgado Dávila, el Lcdo. Luciano, luego de entrevistarse con el Registrador y de explicarle las dificultades con el problema del expediente dominio que estaba en controversia, lograron radicar en el Tribunal Superior de San Juan una solicitud para enmendar la Resolución dictada por dicho Tribunal en el caso civil Núm. 37-10966, *Dolores Santos*, Peticionaria, Ex-Parte, sobre Información de Dominio. (Exhibit I del Querellado).

El Tribunal Superior, Sala de San Juan, el día 16 de agosto de 1996, dictó una Resolución Enmendada en el caso civil #37-10966 mencionado. (Exhibit 4 de las partes).

El día 29 de agosto de 1996, el Sr. Isaías Hernández presentó para inscripción en la Sección III del Registro de la Propiedad de San Juan, copia de la mencionada Resolución expedida por el Tribunal Superior, Sala de San Juan, el día 16 de agosto de 1996. (Exhibit 6 del Querellado).

El día 13 de noviembre de 1996, se presentó para inscripción la mencionada Escritura Núm. 77, otorgada el 18 de diciembre de 1991 ante el Querellado, Antonio Ríos Acosta. (Exhibit 6 del Querellado).

A la fecha de la vista de este procedimiento se desconocía si dicha Escritura quedaría inscrita o no en el mencionado Registro de la Propiedad.

15. En su testimonio, el Querellado declaró que ignoró las comunicaciones del Colegio de Abogados porque, al recibir la Querella, se comunicó con el Lcdo. Israel Crespo Nieves, abogado del Sr. Delgado, y éste le dijo que se olvidara de la misma.

El Lcdo. Israel Crespo declaró ante el Comisionado que suscribe que él no recuerda haberle dicho al Querellado que no le contestara la Querella al Colegio de Abogados.

Durante el tiempo en que se estuvo tramitando la querella, el licenciado Ríos Acosta continuó haciendo gestiones para lograr la inscripción de la Escritura Núm. 77. El Comisionado consignó en su informe que el 13 de noviembre de 1996 se presentó finalmente la antes mencionada escritura para su inscripción. El 16 de abril de 1997, el licen-

ciado Ríos Acosta presentó una moción informativa en la cual nos indicó lo siguiente:

> 1. Que las escrituras que dan objeto a la presente acción y los demás documentos de instancias relacionados al presente caso fueron debidamente inscritos en la Sección Tercera del Registro de la Propiedad, siendo el asiento del último documento presentado, o sea, la Escritura de Compraventa número 77 otorgada en San Juan, Puerto Rico el día 18 de diciembre de 1991, inscrita al folio 179 del tomo 877 de Monacillos, finca número 25,596.
> 2. Que los referidos documentos le serán entregados al querellante por conducto del Lcdo. Antonio Ríos Acosta, el próximo lunes, 14 de abril de 1997 a las 4:00 de la tarde en sus oficinas localizadas en la municipalidad de Guaynabo, Puerto Rico.

El Comisionado Especial no hizo recomendación alguna. Al final de su informe simplemente expresó que "[e]n la vista de este procedimiento, la representación legal del Colegio de Abogados, solicitó que se diera a éste por desistido de dos (2) de los cargos radicados contra el Querellado". Añadió que, en ocasión de la vista evidenciaria, advirtió a la representación legal de la Comisión de Ética del Colegio de Abogados que debía presentar dicha solicitud ante el Tribunal Supremo.

El 19 de diciembre de 1996, el Colegio de Abogados presentó un escrito titulado "Moción para Notificar Desistimiento de Dos (2) Cargos". En ella nos informó que, luego de presentada la prueba, se convenció de que debería desistir de dos (2) de los cargos presentados contra el licenciado Ríos Acosta, refiriéndose a la "(1) falta [de] debida comunicación con su cliente y (2) desatender el asunto que le fue encomendado". Expresó, además, que de la prueba surgía "que el querellante conocía el problema de inscripción antes de otorgar la escritura de compraventa, que tenía abogado en cuyas oficinas se otorgó la escritura y que tiene un abogado ahora que conoce y aprueba las gestiones hechas por el querellado". Tomando esto en consideración solicita que se le permita desistir de estos dos (2) cargos.

No desistió con respecto al tercer cargo, "no cumplir con

los requerimientos de la Comisión de Etica [del Colegio de Abogados]". El Colegio de Abogados específicamente indicó que "[s]i el querellado hubiese contestado la querella y asistido a la vista en su fondo a presentar la prueba de sus gestiones, no [se hubiese tenido que recurrir al] Tribunal Supremo".

Reiteradamente hemos resuelto que la naturaleza pública que reviste la profesión de abogado impone la más estricta observancia de los requerimientos que, en relación con las investigaciones sobre asuntos disciplinarios, se les hagan. "El Canon 12 del Código de Ética Profesional les exige 'desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en [la] tramitación y solución [de las causas]'. El compromiso de mantener y contribuir a un orden jurídico íntegro y eficaz, para lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas sino a la jurisdicción disciplinaria de este foro. Hemos de desalentar actitudes dilatorias en asuntos como el que nos ocupa." *In re Pérez Rodríquez*, 115 D.P.R. 810, 811 (1984). Véase *In re Pagán Ayala*, 115 D.P.R. 814, 815 (1984).

La desatención de los abogados a comunicaciones relacionadas con investigaciones disciplinarias tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este Tribunal. *In re Albizu Merced*, 136 D.P.R. 126 (1994); *In re Izquierdo*, 126 D.P.R. 202, 205 (1990). *Independientemente de los méritos que puedan tener las quejas, todo abogado debe responder con prontitud a los requerimientos que se le hagan relacionados con la investigación de las quejas, provengan éstos tanto de este Tribunal como de la Oficina del Procurador General y de la Comisión de Ética del Colegio de Abogados.*

En el caso de autos el licenciado Ríos Acosta desatendió todos los requerimientos que le hiciera la Comisión de

Ética del Colegio de Abogados. Esto demuestra una inapropiada actitud, consistente en desalentar requerimientos inherentes a su función de abogado, lo cual hizo preciso que se llevase a cabo la investigación de la queja presentada por el señor Delgado Dávila sin el beneficio de la explicación del licenciado Ríos Acosta. Con toda probabilidad esta explicación hubiese evitado la necesidad de llevar el proceso disciplinario hasta sus últimas consecuencias. La conducta del licenciado Ríos Acosta denota una actitud que no sólo resulta incomprensible, sino que es altamente detrimental a una eficiente administración de la justicia. Reiteramos que no estamos dispuestos a tolerar una conducta de esta naturaleza. *In re Pereira Esteves*, 116 D.P.R. 791, 792 (1986).

Tomando en consideración todo lo antes expuesto, aceptamos la solicitud de desistimiento voluntario presentada por la Comisión de Ética del Colegio de Abogados, en relación con los cargos sobre la falta de debida comunicación con su cliente y la desatención del asunto encomendádole. El tercer cargo, sin embargo, quedó ampliamente probado. La actitud displicente del licenciado Ríos Acosta hacia los procesos disciplinarios causó dilaciones injustificadas e innecesarias, interfiriendo así indebidamente con nuestra función disciplinaria. Sin embargo, debido a que la queja del señor Delgado Dávila no amerita acción disciplinaria y que el licenciado Ríos Acosta subsanó su error, *se dictará sentencia suspendiendo al licenciado Ríos Acosta por un mes del ejercicio de la profesión de abogado y hasta que otra cosa disponga este Tribunal, apercibiéndole de que en el futuro debe ofrecer su más completa cooperación con cualquier proceso disciplinario. Se ordena, además, la inmediata incautación de su obra notarial.*