*In re* GLADYS E. GUEMÁREZ SANTIAGO.

*Números:* AB-98-34
AB-98-35

*Resueltos:* 30 de junio de 1998

*Carlos Lugo Fiol, Procurador General,* y *Edna E. Rodríguez Benítez, Procuradora General Auxiliar.*

PER CURIAM: La Sra. María E. Bonano presentó una queja sobre conducta profesional contra la Lcda. Gladys E. Guemárez Santiago ante la Oficina del Procurador General. A pesar de habérsele requerido, por carta y por teléfono, que cooperase con la investigación de la queja, ésta no ha comparecido ante dicha oficina.

El 20 de febrero de 1997 el Sr. Jesús Santos también acudió ante la Oficina del Procurador General para quejarse de la conducta profesional de la licenciada Guemárez Santiago. Ésta tampoco compareció ante dicha oficina, a pesar de haber sido citada en varias ocasiones por carta y por teléfono.

Así las cosas, el Procurador General compareció ante nos para solicitar nuestra ayuda para lograr la cooperación de la licenciada Guemárez Santiago en relación con las investigaciones sobre su conducta disciplinaria.

El 27 de marzo de 1998 emitimos sendas resoluciones en las cuales le concedimos un término a la licenciada Guemárez Santiago para que compareciera ante la Oficina del Procurador General a los fines del trámite de las quejas presentadas por el señor Santos y la señora Bonano. Le apercibimos, además, que de no comparecer podría ser suspendida provisionalmente del ejercicio de la abogacía. *In re Pagán Ayala,* 115 D.P.R. 814, 816 (1994).

A pesar de que el término concedido venció hace práct12

camente tres (3) meses, la licenciada Guemárez Santiago no ha comparecido ante el Procurador General ni ha solicitado prórroga. Tampoco ha explicado su falta de atención a las órdenes del Procurador y de este Tribunal.

■  Recientemente, en *In re Melecio Morales*, 144 D.P.R. 824, 826 (1998), expresamos

> ... que los abogados tienen la obligación ineludible de responder con diligencia a los requerimientos de este Tribunal, en particular cuando se trate de una queja presentada en su contra que está siendo investigada, independientemente de sus méritos. Después de todo, es su deber responder con diligencia. *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Álvarez Meléndez*, 129 D.P.R. 495 (1991); *In re Colón Torres*, 129 D.P.R. 490 (1991).
>
> De igual forma hemos sido enérgicos al señalar que no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. *In re Nicot Santana*, 129 D.P.R. 717 (1992). La indiferencia de un abogado en responder a las órdenes del Tribunal Supremo en la esfera disciplinaria acarrea severas sanciones. *In re Sepúlveda Negroni*, 142 D.P.R. 572 (1996); *In re Rivera Rivera*, 141 D.P.R. Ap. (1996).

■  Reiteradamente hemos resuelto también que "[l]a desatención de los abogados a comunicaciones relacionadas con investigaciones disciplinarias tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este Tribunal". *In re Ríos Acosta I*, 143 D.P.R. 128, 135 (1997).

Ciertamente, la desatención y desidia demostrada por la licenciada Guemárez Santiago para con los requerimientos de este Tribunal y de la Oficina del Procurador General es una conducta altamente reprobable y viola las normas éticas.

Por todo lo antes expuesto, y en virtud de nuestra facultad disciplinaria, *se dictará sentencia suspendiendo provisionalmente a la Lcda. Gladys E. Guemárez Santiago hasta que cumpla con nuestras resoluciones de 27 de marzo*

*de 1998 y otra cosa disponga este Tribunal. Se ordena al Alguacil de este Tribunal que proceda a incautar la obra notarial de la Lcda. Gladys E. Guemárez Santiago. La presente opinión "per curiam" y sentencia deberán ser notificadas personalmente a la Lcda. Gladys E. Guemárez Santiago por la Oficina del Alguacil de este Tribunal.*