*In re* ÁNGEL D. LÓPEZ LÓPEZ.

*Número:* AB-1999-33          *Resuelto:* 12 de agosto de 1999

*María de Lourdes Rodríguez, Oficial Investigadora*, Comisión de Ética del Colegio de Abogados de Puerto Rico.

PER CURIAM: El 13 de octubre de 1998 Eulogio Romero Camacho presentó ante el Colegio de Abogados de Puerto Rico una queja bajo juramento contra el Lcdo. Ángel D. López López, mediante la cual, *inter alia*, le imputaba haber cobrado por adelantado $1,500 por servicios profesionales que no había rendido. El 20 de octubre de 1998 la Comisión de Ética Profesional del Colegio de Abogados le envió al licenciado López López copia de la queja aludida y le concedió un término de veinte (20) días para que reaccionara a dicha queja.

El 1ro de diciembre de 1998, varias semanas después de haber transcurrido el término que le había fijado la Comisión de Ética del Colegio de Abogados al licenciado López

López para contestar, sin que éste lo hubiese hecho, dicha comisión volvió a comunicarse con López López para concederle un término adicional de diez (10) días para formular su posición ante la queja referida, con el debido apercibimiento de que no atender los reclamos del Colegio de Abogados sobre el particular constituía por sí solo una falta de ética.

El Lcdo. Ángel D. López López tampoco contestó el segundo requerimiento de la Comisión de Ética del Colegio de Abogados sobre la queja pendiente. En vista de ello, el 21 de diciembre de 1998 la Comisión le dio un tercer término de veinte (20) días para recibir una contestación a la queja pendiente, advirtiéndole al licenciado López López que de no contestar este tercer requerimiento, el asunto sería sometido al Tribunal Supremo de Puerto Rico para la acción correspondiente.

Transcurrido el término referido sin que el licenciado López López hubiese contestado la queja pendiente, el 29 de marzo de 1999 la Comisión de Ética Profesional del Colegio de Abogados trajo el asunto a nuestra atención para la acción que estimásemos pertinente. El 30 de abril de ese mismo año, mediante resolución notificada personalmente, le concedimos un término de quince (15) días al licenciado López López para que contestase los requerimientos del Colegio de Abogados y para que le expusiese a este Tribunal las razones, si alguna tenía, por las cuales no debía ser sancionado por su incumplimiento con los requerimientos del Colegio de Abogados. Le apercibimos que su incumplimiento con nuestra resolución podría acarrear ulteriores sanciones disciplinarias en su contra.

El licenciado López López no atendió nuestra Resolución de 30 de abril de 1999.

Han transcurrido más de tres (3) meses desde que se notificó la resolución nuestra de 30 de abril de 1999 sin que el Lcdo. Ángel D. López López la haya contestado. Tampoco ha contestado los requerimientos del Colegio de Abogados.

Sencillamente, el licenciado López López no ha cumplido con la orden de este Tribunal ni con los repetidos requerimientos del Colegio de Abogados, demostrando así que no tiene interés alguno en continuar ejerciendo la abogacía en nuestra jurisdicción.

I

Anteriormente hemos resuelto que los abogados tienen el deber de atender las comunicaciones del Colegio de Abogados relacionadas con investigaciones disciplinarias. *In re Ríos Acosta I*, 143 D.P.R. 128 (1997). Además, reiteradamente hemos resuelto que los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, particularmente cuando se trata de una queja presentada en su contra que está siendo investigada, independientemente de los méritos de la misma. De igual forma, en numerosas ocasiones hemos preceptuado que la indiferencia de los abogados a responder a las órdenes de este Tribunal apareja la imposición de sanciones disciplinarias severas. *In re Román Rodríguez*, 147 D.P.R. 479 (1999); *In re Rivera Rodríguez*, 147 D.P.R. 368 (1999); *In re Torres Zayas*, 147 D.P.R. 144 (1999); *In re Laborde Freyre*, 144 D.P.R. 827 (1998); *In re Manzano Velázquez*, 144 D.P.R. 84 (1997); *In re Escalona Vicenty*, 143 D.P.R. Ap. (1997); *In re Claudio Ortiz*, 141 D.P.R. 937 (1996); *In re Rivera Rivera*, 141 D.P.R. Ap. (1996); *In re Sepúlveda Negroni*, 141 D.P.R. Ap. (1996); *Col. Abogados P.R. v. Diversé, Colón, Rivera*, 136 D.P.R. 425 (1994); *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992).

Por todo lo anterior, *debe suspenderse indefinidamente del ejercicio de la abogacía al licenciado López López, hasta tanto acredite su disposición de cumplir rigurosamente con nuestras órdenes y este Tribunal disponga lo que proceda en derecho.*

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García y el Juez Asociado Señor Negrón García no intervinieron.