*In re* María M. Figueroa Carrasquillo, querellada.

*Número:* AB-2000-0037     *Resuelto:* 9 de enero de 2001

*Orlando Martínez Sotomayor*, abogado de la parte querellada; *María de Lourdes Rodríguez*, Oficial Investigadora de la Comisión de Ética del Colegio de Abogados de Puerto Rico.

PER CURIAM: En el caso de autos, la Sra. Emilia Fontanez Figueroa presentó una querella bajo juramento en el Colegio de Abogados de Puerto Rico contra la Lcda. María M. Figueroa Carrasquillo. La señora Fontanez Figueroa alega en dicha querella que la querellada tiene en su posesión unos diez mil dólares ($10,000) que ella le entregó en concepto de honorarios de abogado para que la licenciada completara algunas gestiones con respecto a una finca que Fontanez Figueroa quería vender. Alegadamente, la querellada nunca completó dichas gestiones, y no le ha devuelto los diez mil dólares ($10,000).

El Colegio de Abogados le requirió una contestación a la querellada en dos (2) ocasiones, y la citó para celebrar una vista en su fondo. La querellada no contestó la querella y no compareció a la vista, por no haber recibido, alegadamente, dichas comunicaciones.

El Colegio de Abogados, entonces, le entregó copia de la querella personalmente a la querellada, y le remitió todas las comunicaciones de la querellante. La licenciada Figueroa Carrasquillo nunca contestó la querella. Luego de enviarle múltiples recordatorios y concederle una extensa prórroga de cien (100) días, por entender que la querellada se encontraba en un delicado estado emocional tras el suicidio de su hija, el Colegio de Abogados nos solicita, vía Moción Informativa de Incumplimiento de Querellada, que

impongamos sanciones disciplinarias por la desatención de la querellada a esta investigación.

Mediante Resolución de 7 de abril de 2000 concedimos un término de quince (15) días a la abogada querellada de epígrafe para que compareciera ante el Colegio de Abogados y contestara allí los requerimientos hechos por dicha institución. Dentro de ese mismo término, ordenamos que la querellada expusiera ante nos las razones por las cuales no debíamos imponer sanciones disciplinarias en su contra, por haber hecho caso omiso de los requerimientos que le hiciera el Colegio de Abogados.

Este Tribunal ha tratado de comunicarse con la querellada y notificarle dicha resolución. Todas nuestras gestiones han sido infructuosas ya que la querellada ha cambiado de dirección y no ha notificado dicho cambio a la Secretaría de este Tribunal.

■  Nuevamente nos vemos obligados a recordarles a todos los abogados y notarios de su deber de notificar cualquier cambio en su dirección postal o física. *In re Serrallés III*, 119 D.P.R. 494, 495 (1987). La Regla 8(j) del Reglamento del Tribunal Supremo impone a todo abogado el deber ineludible de notificar cualquier cambio de su dirección al Secretario del Tribunal Supremo. *In re Ballester Morales et al.*, Caso Núm. 6263, Per curiam de 12 de marzo de 1999, págs. 1–2. Así lo exigen la naturaleza y la confianza públicas que conlleva la abogacía y su reglamentación por este Foro. *Serrallés III*, supra. El descuido de este deber dificulta el desempeño de nuestra obligación de velar por que los abogados cumplan fielmente con sus compromisos profesionales. En incidentes de quejas de ciudadanos, la omisión del abogado de mantener al día su dirección obstaculiza de forma sustancial la canalización adecuada del ejercicio de nuestra jurisdicción disciplinaria. ... *In re Rivera D'Ambrosse*, Caso Núm. 5470-II, Per curiam de 25 de abril de 1997, pág. 2. El incumplimiento de esta obligación de notificar un cambio de dirección es suficiente para de-

cretar la separación indefinida de la abogacía. *In re Cruz González*, 123 D.P.R. 108 (1989).

■ Además, la querellada ha ignorado los requerimientos que le ha hecho el Colegio de Abogados con referencia a los procedimientos disciplinarios ante dicha institución. Ya antes hemos resuelto que los abogados tienen el deber de atender las comunicaciones del Colegio de Abogados relacionadas con investigaciones disciplinarias. *In re Ríos Acosta I*, 143 D.P.R. 128 (1997).

■ La querellada tampoco compareció ante este Tribunal, como ordenáramos vía resolución, y no ha mostrado causa por la cual no se deban imponer sanciones disciplinarias. Debemos recordar que los abogados también tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, particularmente cuando se trata de una queja presentada en su contra que está siendo investigada, independientemente de los méritos de la misma. *In re López López*, 149 D.P.R. 82, 84 (1999). La indiferencia de los abogados a responder a órdenes de este Tribunal conlleva la imposición de sanciones disciplinarias severas. *In re Román Rodríguez*, 147 D.P.R. 479 (1999); *In re Rivera Rodríguez*, 147 D.P.R. 368 (1999); *In re Torres Zayas*, 147 D.P.R. 144 (1998); *In re Laborde Freyre*, 144 D.P.R. 827 (1998); *In re Manzano Velázquez*, 144 D.P.R. 84 (1997); *In re Escalona Vicenty*, 143 D.P.R. Ap. (1997); *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992); *In re Nicot Santana*, 129 D.P.R. 717 (1992); *In re Colón Torres*, 129 D.P.R. 490 (1991).

Transcurrido el término concedido a la querellada sin haber recibido su contestación, procedemos a resolver según intimado.

Aunque somos conscientes que Figueroa Carrasquillo se enfrenta en este momento a una dificilísima y muy trágica situación familiar y emocional, no podemos ignorar los serios problemas que su descuido profesional le ha causado, y

le podría seguir causando, a los clientes que han puesto su confianza en ella.

Tomando en consideración su incumplimiento con el deber de notificar su cambio de dirección, su inacción con respecto a los requerimientos que le ha hecho el Colegio de Abogados, y su indiferencia en responder a las órdenes de este Tribunal —lo cual de por sí conlleva la imposición de sanciones disciplinarias severas— *se decreta la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría en esta jurisdicción de María M. Figueroa Carrasquillo. Figueroa Carrasquillo deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o a cualquier foro administrativo donde tenga algún caso pendiente. Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta (30) días, que se cumplió con lo antes señalado. El Alguacil de este Tribunal se incautará inmediatamente de la obra y del sello notarial de la abogada de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.*

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Rebollo López y la Juez Asociada Señora Naveira de Rodón no intervinieron.