*In re* GILBERTO CUEVAS VÉLEZ.

*Número:* AB-2001-27    *Resuelto:* 30 de mayo de 2002

*Carmen H. Carlos, directora de la Oficina de Inspección de Notarías*, en informe.

PER CURIAM: El 9 de febrero de 2001 el Sr. Primitivo Maldonado De León presentó una queja, debidamente juramentada ante la Secretaría de este Tribunal, contra el abogado Gilberto Cuevas Vélez. En ella, en síntesis y en lo pertinente, expuso el quejoso que el referido abogado había sido contratado para otorgar unas escrituras de compraventa, que éste había recibido una suma del dinero que le correspondía a varios de los otorgantes y que, hasta el momento, no le había devuelto parte de ese dinero.

El 29 de marzo de 2001, le referimos el asunto a la Directora de la Oficina de Inspección de Notarías para la investigación e informe correspondientes. Luego de analizar

las versiones, tanto del señor Maldonado De León como del licenciado Cuevas Vélez, la Lcda. Carmen H. Carlos rindió su informe el 19 de octubre de 2001. En él nos informa, en síntesis, que en relación con el negocio jurídico llevado a cabo por el referido abogado-notario, éste "hizo constar hechos no veraces en una escritura pública y aun cuando no mediara [de su parte] intención de faltar a la verdad, ... hay que concluir necesariamente que faltó a su deber como custodio de la fe pública, violando así la Ley Notarial y los Cánones de Etica Profesional". Por otro lado, expresa la Directora que no deja de ser preocupante que, aparentemente, el referido notario desde 1994 ha retenido una cantidad de dinero en su poder, perteneciente a los contratantes, la cual calcula no debe exceder de tres mil dólares ($3,000), conducta profesional que califica como cuestionable.

El 8 de noviembre de 2001, mediante resolución a esos efectos, le concedimos un término al licenciado Cuevas Vélez para que se expresara sobre el referido Informe de la Directora de Inspección de Notarías. *No compareció.* En vista a ello, el Tribunal, *motu proprio*, emitió una *segunda* Resolución, el 22 de febrero de 2002, concediéndole un nuevo término de treinta (30) días al mencionado abogado. Le *apercibimos* que el incumplimiento con la resolución podría representarle la imposición de sanciones sin ulteriores procedimientos. *No ha comparecido.*

I

■ Hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. *In re Ríos Acosta I*, 143 D.P.R. 128 (1997).

■ Por otro lado, reiteradamente hemos señalado que, independientemente de los méritos de las quejas presentadas en contra de un abogado, éste tiene la obligación ineludible de responder prontamente a los requerimientos de este Tribunal. *In re Rodríguez Mena*, 126 D.P.R. 205 (1990).

Por último, debe mantenerse presente que la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, en lo relativo a la exigencia de respeto hacia los tribunales. *In re Salichs Martínez*, 131 D.P.R. 481 (1992).

Habiendo hecho caso omiso el abogado a las órdenes de este Tribunal, y por los fundamentos antes expresados, *procede decretar la separación, inmediata e indefinida, de Gilberto Cuevas Vélez del ejercicio de la abogacía, y de la notaría, en Puerto Rico.*

*Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del país. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.*

*La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y el sello notarial del abogado Cuevas Vélez, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.*

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García, la Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Fuster Berlingeri no intervinieron.