72

*In re* CARLOS M. RAMÍREZ HERNÁNDEZ, querellado.

*Números:* AB-2004-116    *Resueltos:* 24 de septiembre de 2004
TS-8578

*Ángel N. Candelario Cáliz*, oficial investigador del Colegio de Abogados de Puerto Rico; *Dr. Rafael Marrero Berríos*, querellante.

PER CURIAM: El 18 de diciembre de 2003, en el caso Núm. TS 8578, el Colegio de Abogados de Puerto Rico presentó ante este Tribunal una "moción informativa" en la que indicó que el Lcdo. Carlos M. Ramírez Hernández tenía al descubierto su fianza notarial, la cual estaba vencida desde marzo de ese mismo año. En vista de ello, y mediante resolución emitida el 31 de marzo de 2004, le concedimos al licenciado Ramírez un término de veinte días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría. Le apercibimos en dicha resolución de que su incumplimiento conllevaría la suspensión del ejercicio de la notaría y podría dar lugar a sanciones disciplinarias adicionales.

Considerando que el licenciado Ramírez no compareció en el término dispuesto, el 8 de junio de 2004 emitimos una *segunda* resolución, y le concedimos al referido letrado un término final de diez días para que cumpliera estrictamente con la orden en cuestión. Nuevamente le apercibimos de que su incumplimiento podría conllevar la suspensión inmediata del ejercicio de la abogacía. Esta segunda resolución fue notificada *personalmente* al licenciado Ramírez Hernández por un alguacil de este Tribunal.

Mientras esto sucedía, el 11 de mayo de 2004 —en el caso Núm. AB-2004-116— el Colegio de Abogados compareció ante este Tribunal informando que el licenciado Ramírez había hecho caso omiso a los múltiples requerimientos hechos por la referida entidad para que se expresara con relación a una queja presentada en su contra. En vista

de ello, el 4 de junio de 2004 le concedimos al referido letrado un término de diez días para que compareciera ante el Colegio a responder los requerimientos de éste. Además, le concedimos el término de diez días para que compareciera ante este Tribunal y expusiera las razones por las cuales no debía ser disciplinado por ignorar los requerimientos del Colegio de Abogados. Una vez más le apercibimos de que su incumplimiento podría conllevar sanciones disciplinarias severas, incluyendo la suspensión al ejercicio de la profesión. Esta resolución también fue notificada *personalmente* al licenciado Ramírez Hernández por un alguacil de este Tribunal.

Al día de hoy han transcurrido *más de tres meses* sin que el licenciado Ramírez Hernández haya comparecido ante este Tribunal a expresarse sobre las resoluciones antes mencionadas. En vista de lo anterior, procede que resolvamos según intimado.[1]

I

Nos parece sencillamente sorprendente el hecho de que un abogado ponga en riesgo su título y su profesión legal por desacatar las órdenes que emita este Tribunal con relación a su conducta profesional. Asimismo, nos alarma sobremanera la frecuencia con la que este Foro tiene que enfrentar dicha situación. Ciertamente, nos parece que el tiempo y esfuerzo invertidos en obtener su grado académico y los sacrificios que conlleva la admisión a la profesión debería ser incentivo suficiente para que los miembros de la clase togada resguarden con *sumo recelo* el título que ostentan.

En reiteradas ocasiones este Tribunal ha expresado que el compromiso de todo abogado de mantener y

---

[1] Por tratarse de la conducta del mismo abogado, hemos procedido a consolidar los casos Núms. AB-2004-116 y TS-8578.

contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y el apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino también a la jurisdicción disciplinaria de este Tribunal. *In re Cuevas Vélez*, 157 D.P.R. 129 (2002); *In re Ríos Acosta I*, 143 D.P.R. 128 (1997). Asimismo, hemos sido enfáticos al señalar que la naturaleza pública de la profesión de abogado le impone a la clase togada la obligación de observar rigurosamente los requerimientos de este Tribunal, particularmente cuando se trata de asuntos disciplinarios sometidos ante nuestra consideración. *In re Vázquez Santiago*, 155 D.P.R. 926 (2001).

En ese sentido es importante resaltar que el incumplimiento por parte de un abogado con las órdenes emitidas por este Tribunal dentro del procedimiento disciplinario, constituye una falta ética separada y distinta a los méritos de la queja, que conlleva la imposición de sanciones disciplinarias severas.[2] Ello considerando que "[e]l patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía". *In re Vargas Soto*, 146 D.P.R. 55, 62 (1998).

Como señaláramos en *In re Escalona Colón*, 149 D.P.R. 900, 901 (2000), el "[d]esatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal". Dicho proceder constituye un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Foro que, definitivamente, no estamos dispuestos a aceptar. Reiteramos que "no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con [nuestras]

---

[2] *In re Pérez Brasa*, 155 D.P.R. 813 (2001); *In re Vázquez Santiago*, 155 D.P.R. 926 (2001); *In re Figueroa Carrasquillo*, 153 D.P.R. 132 (2001); *In re López López*, 149 D.P.R. 82 (1999); *In re Vargas Soto*, 146 D.P.R. 55 (1998); *In re Ríos Acosta I*, 139 D.P.R. 117 (1995); *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992); *In re Nicot Santana*, 129 D.P.R. 717 (1992).

órdenes". *In re Guemárez Santiago I*, 146 D.P.R. 27, 29 (1998), citando a *In re Melecio Morales*, 144 D.P.R. 824, 826 (1988). Véase, además, *In re Nicot Santana*, 129 D.P.R. 717, 718 (1992).

## II

La actitud de dejadez y desidia que ha demostrado el abogado Carlos Ramírez Hernández ante las órdenes emitidas por este Tribunal constituye una prueba incontrovertible de que éste no interesa continuar siendo miembro de la profesión. Como señaláramos anteriormente, hoy, luego de tres meses de haber recibido personalmente las resoluciones emitidas por este Tribunal, este abogado no ha comparecido a expresarse sobre éstas. Dicho proceder constituye una falta de respeto a este Tribunal que, bajo ningún concepto, estamos dispuestos a tolerar.

Por los fundamentos antes expresados, *se decreta la suspensión indefinida e inmediata de Carlos M. Ramírez Hernández del ejercicio de la abogacía en nuestra jurisdicción.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Fuster Berlingeri no intervino.