*In re* José Luis Novas Dueño.

*Número:* AB-2003-219     *Resuelto:* 1 de agosto de 2005

---

*Roberto J. Sánchez Ramos*, procurador general; *Adrián O. Díaz Díaz*, abogado del querellante; *Richard Hartel*, querellante; *José Luis Novas Dueño*, querellado.

PER CURIAM: Mediante un informe de *16 de octubre de 2003*, el Procurador General de Puerto Rico trajo a nuestra atención una queja que ante su oficina presentara el Sr. Richard Hartel contra el abogado José Luis Novas Dueño.[1] En el referido informe, el Procurador General

---

[1] La queja, en síntesis y en lo pertinente, le imputa al referido abogado haber incurrido en negligencia en torno a la transferencia de título de un apartamento "de

concluyó que el mencionado abogado "incurrió en violaciones a la Ley Notarial y al Canon 18 de Ética Profesional".

· El *14 de noviembre de 2003*, mediante resolución a esos efectos, le concedimos un término al licenciado Novas Dueño para que se expresara sobre el Informe del Procurador General. Habiendo hecho caso omiso el abogado a dicha resolución, el *1 de abril de 2005* le concedimos un término nuevo para que expresara su posición al respecto. En esta ocasión, *apercibimos* al licenciado Novas Dueño de que su incumplimiento con la resolución emitida "conllevaría su inmediata suspensión del ejercicio de la abogacía". El *21 de julio de 2005* le concedimos un *término improrrogable* de cinco días para cumplir con las resoluciones emitidas. En esta resolución se le apercibió "que su incumplimiento conllevará su suspensión inmediata e indefinida, del ejercicio de la abogacía y la notaría". Dicha resolución fue notificada *personalmente* el 22 de julio de 2005. El licenciado Novas Dueño *no* ha comparecido. *Resolvemos.*

I

Resulta verdaderamente sorprendente el hecho de que un abogado ponga en riesgo su título y el ejercicio de su profesión por desacatar las órdenes que, con relación a su conducta profesional, emita este Tribunal. Nos llama la atención la frecuencia con la que este Tribunal se enfrenta a esta clase de situación. Somos del criterio que el tiempo y esfuerzo invertidos en obtener su grado académico, y los sacrificios que conlleva la admisión a la profesión, deberían ser incentivos suficientes para que los miembros de la clase togada actúen de manera distinta ante los requerimientos que les hace este Tribunal.

---

tiempo compartido" en el Condominio ESJ Towers, a saber: los padres del señor Hartel compraron un "time share" en un apartamento del referido condominio *el 24 de febrero de 1989*, actuando como notario el licenciado Novas Dueño. No obstante el tiempo transcurrido y de que se le pagaron los correspondientes honorarios al licenciado Novas Dueño, *al día de hoy no se ha hecho la transferencia de título a favor de los compradores.*

En reiteradas ocasiones hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino también a la jurisdicción disciplinaria de este Tribunal. *In re Cuevas Vélez*, 157 D.P.R. 129 (2002); *In re Ríos Acosta I*, 143 D.P.R. 128 (1997). Asimismo, hemos sido *enfáticos* al señalar que la naturaleza pública de la profesión de abogado le impone a la clase togada la *obligación* de observar rigurosamente los requerimientos de este Tribunal, particularmente cuando se trata de asuntos disciplinarios sometidos ante nuestra consideración. *In re Vázquez Santiago*, 155 D.P.R. 926 (2001).

En ese sentido es importante resaltar que el incumplimiento por parte de un abogado con las órdenes emitidas por este Tribunal dentro del procedimiento disciplinario, *constituye una falta ética separada y distinta a los méritos de la queja, que conlleva la imposición de sanciones disciplinarias severas.*[2] Ello si se considera que "[e]l patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía". *In re Vargas Soto*, 146 D.P.R. 55, 62 (1998).

Como señaláramos en *In re Escalona Colón*, 149 D.P.R. 900, 901 (1999), el "[d]esatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal". Dicho proceder constituye un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Tribunal que, definitivamente, no estamos dispuestos a aceptar. Reiteramos que "no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con [nuestras] órdenes". *In re Guemárez Santiago I*, 146 D.P.R. 27, 28 (1998). Véase, además, *In re Nicot Santana*, 129 D.P.R. 717,

---

[2] *In re Pérez Brasa*, 155 D.P.R. 813 (2001); *In re Vázquez Santiago*, 155 D.P.R. 926 (2002); *In re Figueroa Carrasquillo*, 153 D.P.R. 132 (2001); *In re López López*, 149 D.P.R. 82 (1999); *In re Vargas Soto*, 146 D.P.R. 55 (1998); *In re Ríos Acosta I*, 139 D.P.R. 117 (1995); *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992); *In re Nicot Santana*, 129 D.P.R. 717 (1992).

718 (1992). (Citas y corchetes en el original.) *In re Vega Lasalle*, 164 D.P.R. 659, 662 (2005).

## II

La actitud de dejadez y desidia que ha demostrado el Lcdo. José Luis Novas Dueño ante la orden emitida por este Tribunal *constituye prueba incontrovertible de que éste no interesa continuar siendo miembro de la profesión.* Dicho proceder constituye una falta de respeto a este Tribunal que, bajo ningún concepto, estamos dispuestos a tolerar.

Por los fundamentos antes expresados, *se decreta la suspensión, indefinida e inmediata, de José Luis Novas Dueño del ejercicio de la abogacía y de la notaría en nuestra jurisdicción, hasta que otra cosa disponga el Tribunal.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Fuster Berlingeri no intervino.