*In re* Rosalinda Pesquera Annexy.

*Número:* TS-4614      *Resuelto:* 31 de marzo de 2006

*Rosalinda Pesquera Annexy*, abogada suspendida.

PER CURIAM: Los hechos, en apretada síntesis, que dan lugar a la acción disciplinaria que hoy tomamos revelan que, mediante Resolución de 8 de abril de 2005, *denegamos* el recurso de *certiorari* que la Lcda. Rosalinda Pesquera Annexy presentara en representación de la parte demandante y peticionaria Ralph J. Sierra y otros, caso Núm. CC-2004-1218.(¹) La licenciada Pesquera presentó una *primera* moción de reconsideración, la cual, igualmente, *denegamos* mediante Resolución de 6 de mayo de 2005. La licenciada Pesquera presentó una *segunda* moción de reconsideración, que fue *denegada* "por falta de jurisdicción por presentación tardía".

Ello no obstante, y para nuestra sorpresa, la licenciada Pesquera presentó una *tercera* moción de reconsideración.(²) El 26 de agosto de 2005 la *denegamos* "por falta de jurisdicción y por ser la misma frívola". En la resolución que a esos efectos emitiéramos,(³) le impusimos a la licenciada Rosalinda Pesquera una sanción de $200, que sería depositada en la Secretaría del Tribunal mediante giro bancario o cheque certificado a nombre del Secretario de Hacienda.

La licenciada Pesquera pidió la reconsideración de la sanción impuesta, solicitando que fuese dejada sin efecto por este Tribunal. Ante lo cual, la declaramos *sin lugar* mediante Resolución de 14 de octubre de 2005, expresando que la licenciada Pesquera debía atenerse a lo dispuesto

---

(¹) En el mencionado recurso también figuraba como abogada de la parte demandante peticionaria la Lcda. Judith Berkan.

(²) En esta ocasión, la Lcda. Judith Berkan *no* suscribió dicho escrito.

(³) Esta resolución fue emitida por una sala especial de verano integrada por el Juez Presidente Señor Hernández Denton y los Jueces Asociados Señores Fuster Berlingeri y Rivera Pérez.

"bajo apercibimiento de sanciones disciplinarias adicionales". Dicha resolución fue *notificada* el 18 de octubre de 2005.

A pesar del tiempo transcurrido, la Lcda. Rosalinda Pesquera *no* ha satisfecho la sanción económica que le fuera impuesta. *Resolvemos*.

## I

Resulta verdaderamente sorprendente que un abogado ponga en riesgo su título y el ejercicio de su profesión por desacatar las órdenes que, con relación a su conducta profesional, emita este Tribunal. Nos llama la atención la frecuencia con la que este Tribunal se enfrenta a esta clase de situación. Somos del criterio de que el tiempo y esfuerzo invertidos en obtener su grado académico y los sacrificios que conlleva la admisión a la profesión, deberían ser incentivos suficientes para que los miembros de la clase togada actúen de manera distinta ante los requerimientos que les hace este Tribunal.

En reiteradas ocasiones hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y el apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino también a la jurisdicción disciplinaria de este Tribunal. *In re Cuevas Vélez*, 157 D.P.R. 129 (2002); *In re Ríos Acosta I*, 143 D.P.R. 128 (1997). Asimismo, hemos sido *enfáticos* al señalar que la naturaleza pública de la profesión de abogado le impone a la clase togada la obligación de observar rigurosamente los requerimientos de este Tribunal, en particular cuando se trata de asuntos disciplinarios sometidos ante nuestra consideración. *In re Vázquez Santiago*, 155 D.P.R. 926 (2001).

En ese sentido es importante resaltar que el incumplimiento por parte de un abogado con las órdenes emitidas por este Tribunal dentro del procedimiento disci-

plinario *constituye una falta ética separada y distinta a los méritos de la queja, que conlleva la imposición de sanciones disciplinarias severas.*([4]) Ello considerando que "[e]l patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía". *In re Vargas Soto*, 146 D.P.R. 55, 62 (1998).

■ Como señaláramos en *In re Escalona Colón*, 149 D.P.R. 900, 901 (2000), el "[d]esatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal". Dicho proceder constituye un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Tribunal que, definitivamente, no estamos dispuestos a aceptar. Reiteramos que "no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con [nuestras] órdenes". *In re Guemárez Santiago I*, 146 D.P.R. 27, 28 (1998). Véase, además, *In re Nicot Santana*, 129 D.P.R. 717, 718 (1992).

## II

La actitud de dejadez y desidia que ha demostrado la Lcda. Rosalinda Pesquera ante la orden emitida por este Tribunal *constituye prueba incontrovertible de que ésta no interesa continuar siendo miembro de la profesión.* Dicho proceder constituye una falta de respeto a este Tribunal que, bajo ningún concepto, estamos dispuestos a tolerar.

Por los fundamentos antes expresados, *se decreta la suspensión indefinida e inmediata de Rosalinda Pesquera Annexy del ejercicio de la abogacía y de la notaría en nuestra jurisdicción.*

---

([4]) *In re Pérez Brasa*, 155 D.P.R. 813 (2001); *In re Vázquez Santiago*, 155 D.P.R. 926 (2001); *In re Figueroa Carrasquillo*, 153 D.P.R. 132 (2001); *In re López López*, 149 D.P.R. 82 (1999); *In re Vargas Soto*, 146 D.P.R. 55 (1998); *In re Ríos Acosta I*, 139 D.P.R. 117 (1995); *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992); *In re Nicot Santana*, 129 D.P.R. 717 (1992).

*Se dictará sentencia de conformidad.*

La Juez Asociada Señora Rodríguez Rodríguez se inhibió.