per curiam:
El 30 de noviembre de 2006 la Secretaria de este Tribunal cursó una comunicación al abogado Derrick J. Rodríguez Morales mediante la cual le informó, y le in-cluyó copia, de una queja presentada contra él por el Sr. Andrew R. Halko. Le concedió el término de diez días para que se expresara sobre la queja.
La comunicación fue devuelta por el correo por no haber sido reclamada. Se envió al abogado una segunda notifica-ción el 29 de diciembre de 2006. Éste solicitó, mediante un *1003 escrito fechado 18 de enero de 2007, una breve prórroga de diez días, la cual le fue concedida.
Mediante Resolución de 8 de junio de 2007, y en vista de la incomparecencia del abogado, le concedimos el término de diez días para contestar la queja presentada contra él. Le apercibimos en esa ocasión que el incumplimiento con dicha Resolución podría conllevar sanciones disciplinarias severas, incluso la suspensión al ejercicio de la profesión. Dicha Resolución le fue notificada personalmente a Rodríguez Morales el 19 de junio de 2007. Aún hoy no ha comparecido.
I
En reiteradas ocasiones hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se ex-tiende no sólo a la esfera de la litigación de las causas, sino también a la jurisdicción disciplinaria de este Tribunal. In re Cuevas Vélez, 157 D.P.R. 129 (2002); In re Ríos Acosta I, 143 D.P.R. 128 (1997). Asimismo, hemos sido enfáticos al señalar que la naturaleza pública de la profesión de abogado le impone a la clase togada la obligación de observar rigurosamente los requerimientos de este Tribunal, particularmente cuando se trata de asuntos disciplinarios sometidos ante nuestra consideración. In re Vázquez Santiago, 155 D.P.R. 926 (2001).
En ese sentido es importante resaltar que cuando un abogado incumple las órdenes emitidas por este Tribunal dentro del procedimiento disciplinario, comete una falta ética separada y distinta a los méritos de la queja, lo que conlleva la imposición de sanciones disciplinarias severas.(1) Ello considerando que “[e]l patrón de dejadez e *1004 incumplimiento con nuestras órdenes en la esfera discipli-naria es incompatible con el ejercicio de la abogacía”. In re Vargas Soto, 146 D.P.R. 55, 62 (1998).
Según resolvimos en C. Abo. v. Pizzini Arnott, 157 D.P.R. 182 (2002), desatender nuestras órdenes durante un procedimiento disciplinario, revela una fisura en el buen carácter que debe exhibir todo miembro de la profesión legal. Dicho proceder constituye un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Tribunal que, definitivamente, no estamos dis-puestos a aceptar. Reiteramos que “ ‘no toleraremos la in-comprensible y obstinada negativa de un miembro de nuestro foro de cumplir con [nuestras] órdenes In re Guemárez Santiago I, 146 D.P.R. 27, 29 (1998). Véase, además, In re Nicot Santana, 129 D.P.R. 717, 718 (1992).
HH 1 — 1
La actitud de dejadez y desidia que ha demostrado el Ledo. Derrick J. Rodríguez Morales ante la orden emitida por este Tribunal constituye prueba incontrovertible de que éste no interesa continuar siendo miembro de la profesión. Dicho proceder constituye una falta de respeto a este Tribunal que, bajo ningún concepto, estamos dispuestos a tolerar.
Por los fundamentos antes expresados, se decreta la sus-pensión indefinida e inmediata de Derrick J. Rodríguez Morales del ejercicio de la abogacía y de la notara en nues-tría jurisdicción hasta que otra cosa disponga este Tribunal.

Se dictará Sentencia de conformidad.

 In re Pérez Brasa, 155 D.P.R. 813 (2001); In re Vázquez Santiago, 155 D.P.R. 926 (2001); In re Figueroa Carrasquilla, 153 D.P.R. 132 (2001); In re López López, 149 D.P.R. 82 (1999); In re Vargas Soto, 146 D.P.R. 55 (1998); In re Ríos Acosta 1,139 *1004 D.P.R. 117 (1995); In re Pérez Benaba, 133 D.P.R. 361 (1993); In re Ribas Dominicci I, 131 D.P.R. 491 (1992); In re Nicot Santana, 129 D.P.R. 717 (1992).