AB-2000-0037                                    1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>   María M. Figueroa Carrasquillo | Queja<br><br>2001 TSPR 11 |

Número del Caso: AB-2000-0037


Fecha: 9/enero/2001


Colegio de Abogados de Puerto Rico:

                        Lcda. María de Lourdes Rodríguez


Abogado de la Parte Querellada:

                        Por Derecho Propio


Materia: Conducta Profesional


     Este documento constituye un documento oficial del Tribunal Supremo que está
     sujeto a los cambios y correcciones del proceso de compilación y publicación
     oficial de las decisiones del Tribunal. Su distribución electrónica se hace
     como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

María M. Figueroa
Carrasquillo

                    AB-2000-0037          Certiorari

PER CURIAM

San Juan, Puerto Rico, a 9 de enero de 2001.

En el caso de autos, la señora Emilia Fontanez Figueroa radicó una querella bajo juramento en el Colegio de Abogados de Puerto Rico contra la Lcda. María M. Figueroa Carrasquillo. La señora Fontanez Figueroa alega en dicha querella que la querellada tiene en su posesión unos $10,000 que ella le entregó por concepto de honorarios de abogado para que la licenciada completara algunas gestiones con respecto a una finca que Fontanez Figueroa quería vender. Alegadamente, la querellada nunca completó dichas gestiones, y no le ha devuelto los $10,000.

.

El Colegio de Abogados le requirió contestación a la querellada en dos ocasiones, y la citó para celebrar una vista en su fondo. La querellada no contestó la querella y no compareció a la vista, por no haber recibido, alegadamente, dichas comunicaciones.

El Colegio de Abogados, entonces, le entregó copia de la querella personalmente a la querellada, y le remitió todas las comunicaciones de la querellante. La licenciada 0 Figueroa Carrasquillo nunca contestó la querella. Luego de enviarle múltiples recordatorios y concederle una extensa prórroga de cien (100) días, por entender que la querellada se encontraba en un delicado estado emocional tras el suicidio de su hija, el Colegio de Abogados nos solicita, vía "Moción Informativa de Incumplimiento de Querellada", que impongamos sanciones disciplinarias por la desatención de la querellada a esta investigación.

Mediante Resolución de 7 de abril de 2000 concedimos un término de quince (15) días a la abogada querellada de epígrafe para que compareciera ante el Colegio de Abogados y contestara allí los requerimientos hechos por dicha institución. Dentro de ese mismo término, ordenamos que la querellada expusiera ante nos las razones por las cuales no debíamos imponer sanciones disciplinarias en su contra, por haber hecho caso omiso de los requerimientos que le hiciera el Colegio de Abogados.

Este Tribunal ha tratado de comunicarse con la querellada y notificarle dicha Resolución. Todas nuestras gestiones han sido infructuosas ya que la querellada ha cambiado de dirección, y no ha notificado dicho cambio a la Secretaría de este Tribunal.

Nuevamente nos vemos obligados a recordarle a todos los abogados y notarios de su deber de notificar cualquier cambio en su dirección postal o física. In re: Serrallés III, 119 D.P.R. 494, 495 (1987). "La Regla 8(j) del Reglamento del Tribunal Supremo impone a todo abogado el deber ineludible de notificar cualquier cambio de su dirección al Secretario del Tribunal Supremo." In re: Ballester Morales, res. El 12 de marzo de 1999, 99 JTS 53. Así lo exigen la naturaleza y confianza pública que conlleva la abogacía y su reglamentación por este foro. Serrallés III, supra. El descuido de

este deber dificulta el desempeño de nuestra obligación de velar porque los abogados cumplan fielmente con sus compromisos profesionales. "En incidentes de quejas de ciudadanos, la omisión del abogado de mantener al día su dirección obstaculiza sustancialmente una adecuada canalización del ejercicio de nuestra jurisdicción disciplinaria." In re: Rivera D'Ambrosse, res. el 25 de abril de 1997, 142 D.P.R.__ (1997). El incumplimiento de está obligación de notificar un cambio de dirección es suficiente para decretar la separación indefinida de la abogacía. In re: Cruz González, 123 D.P.R. 108 (1989).

Además, la querellada ha ignorado los requerimientos que le ha hecho el Colegio de Abogados con referencia a los procedimientos disciplinarios ante dicha institución. Ya antes hemos resuelto que los abogados tienen el deber de atender las comunicaciones del Colegio de Abogados relacionadas con investigaciones disciplinarias. In re: Ríos Acosta I, res. el 19 de mayo de 1997, 143 D.P.R.__ (1997).

La querellada tampoco compareció ante este Tribunal, como ordenáramos vía Resolución, y no ha mostrado causa por la cual no se deban imponer sanciones disciplinarias. Debemos recordar que los abogados también "tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, particularmente cuando se trata de una queja presentada en su contra que está siendo investigada, independientemente de los méritos de la misma." In re: López López, res. el 12 de agosto de 1999, 99 JTS 131. La indiferencia de los abogados a responder a órdenes de este Tribunal conlleva la imposición de sanciones disciplinarias severas. In re: Román Rodríguez, res. el 10 de febrero de 1999, 99 JTS 40; In re: Rivera Rodríguez, res. el 19 de enero de 1999, 99 JTS 39; In re: Torres Zayas, res. el 30 de noviembre de 1998, 99 JTS 3; In re: Laborde Freyre, res. el 13 de febrero de 1998, 144 D.P.R.__ (1998); In re: Manzano Velázquez, res. el 7 de noviembre de 1997, 144 D.P.R.__ (1997); In re: Escalona Vicenty, res. el 22 de mayo de 1997, 143 D.P.R.__ (1997); In re: Pérez Benabe, res. el 19 de mayo de 1993, 133 D.P.R__ (1993); In re: Ribas Dominicci, 131 D.P.R. 491 (1992);

<u>In re: Nicot Santana</u>, 129 D.P.R. 717 (1992); <u>In re: Colón Torres</u>, 129 D.P.R.490 (1991).

Transcurrido el término concedido a la querellada sin haber recibido su contestación, procedemos a resolver según intimado.

Aunque somos conscientes que Figueroa Carrasquillo se enfrenta en este momento a una dificilísima y muy trágica situación familiar y emocional, no podemos ignorar los serios problemas que su descuido profesional le ha causado, y le podría seguir causando, a los clientes que han puesto su confianza en ella. Tomando en consideración su incumplimiento con el deber de notificar su cambio de dirección, su inacción con respecto a los requerimientos que le ha hecho el Colegio de Abogados, y su indiferencia en responder a las órdenes de este Tribunal, lo cual de por sí conlleva la imposición de sanciones disciplinarias severas, se decreta la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría en esta jurisdicción de María M. Figueroa Carrasquillo.

Figueroa Carrasquillo deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o a cualquier foro administrativo donde tenga algún caso pendiente. Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta (30) días, que se cumplió con lo antes señalado.

El Alguacil de este Tribunal se incautará inmediatamente de la obra y sello notarial de la abogada de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

María M. Figueroa
Carrasquillo

                            AB-2000-0037          Certiorari


SENTENCIA

San Juan, Puerto Rico, a 9 de enero de 2001.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se dicta sentencia y se suspende indefinidamente del ejercicio de la profesión de abogado a la Lcda. María M. Figueroa Carrasquillo.

Notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o a cualquier foro administrativo donde tenga algún caso pendiente. Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta (30) días, que se cumplió con lo antes señalado.

El Alguacil de este Tribunal se incautará inmediatamente de la obra y sello notarial de la abogada de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Así lo pronunció y manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López y la Juez Asociada señora Naveira de Rodón no intervinieron.

                          Carmen E. Cruz Rivera
                    Subsecretaria del Tribunal Supremo