EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Félix Rivera Durán | Queja<br><br>2002 TSPR 145<br><br>158 DPR _____ |

Número del Caso: AB-1998-123


Fecha: 29/octubre/2002


Oficina de Inspección de Notarías:
                    Lcda. Carmen H. Carlos
                    Directora


Abogado de la Parte Querellada:
                    Por Derecho Propio



Materia: Conducta Profesional
        (La suspensión es efectiva a partir del 5 de noviembre de
        2002, fecha en que se le notificó al abogado el Per Curiam
        y Sentencia)



    Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Félix Rivera Durán                AB-1998-123      Queja

PER CURIAM

San Juan, Puerto Rico, a 29 de octubre de 2002.

El señor David Villanueva Laporte presentó una queja ante este Tribunal en contra del licenciado Félix Rivera Durán, mediante declaración jurada suscrita el 11 de agosto de 1998. En dicha queja alegó que el referido abogado autorizó, en su función de notario público, la escritura pública número 62 de 9 de octubre de 1991, en la cual él compareció como adquiriente, a título de compraventa, de una propiedad localizada en el Residencial Público Eleonor Roosevelt, Edificio 4, Apartamento 34, en Mayagüez, Puerto Rico. El referido inmueble era propiedad del señor Flor Martínez Colón y de su esposa, la señora Agripina Ríos Ramos. Al momento de la autorización de la referida escritura, la        señora        Ríos        Ramos        había

fallecido. Alegó el quejoso haber puesto en conocimiento de este hecho al licenciado Rivera Durán. No obstante, el querellado procedió a otorgar dicha escritura a sabiendas de que no se había realizado el correspondiente trámite judicial de declaración de herederos, sin el cual el inmueble no podía ser vendido e inscrito a nombre del señor David Villanueva Laporte, y su esposa, la señora Eroilda Galarza Marengo. El licenciado Félix Rivera Durán intentó subsanar dicho defecto haciendo constar en la escritura pública de compraventa, otorgada por él, que la gestión sobre declaración de herederos se había efectuado completamente y que tal hecho se acreditaría cuando fuere necesario. Señaló en dicho documento público que dicha información la recibió de parte del comprador, entendiendo que con ello salvaba su responsabilidad. No obstante, la referida escritura pública fue objeto de notificación de defecto por el Registrador de la Propiedad, Sección de Mayagüez. La falta que impidió su inscripción fue la omisión de presentar, junto con copia certificada de la escritura pública sobre compraventa, copia certificada de la Resolución emitida por el Tribunal de Primera Instancia sobre la declaración de herederos de la señora Agripina Ríos Ramos, difunta esposa del vendedor, señor Martínez Colón.

El quejoso alegó haber realizado varios acercamientos al licenciado Félix Rivera Durán para que éste gestionara la emisión por el Tribunal de Primera Instancia de la resolución sobre declaración de herederos de la señora Ríos Ramos, de manera que la copia certificada de la escritura pública sobre compraventa pudiera presentarse nuevamente en el Registro de la Propiedad, Sección de Mayagüez. Señaló el quejoso haberle informado al referido letrado que era necesario, además, obtener la resolución sobre declaración de herederos del señor Flor Martínez Colón, ya que éste también había fallecido.

Por último, el quejoso alegó que todos sus esfuerzos por lograr que el licenciado Rivera Durán gestionara las declaraciones sobre herederos ya mencionadas, y presentara copia certificada de la referida escritura pública sobre compraventa en el Registro de la Propiedad, fueron infructuosos.

El 8 de septiembre de 1998 el querellado, licenciado Félix Rivera Durán, respondió a la queja en su contra. Aceptó haber autorizado la escritura

pública sobre compraventa en cuestión, pero arguyó haber confiado en la palabra del quejoso, quien le aseguró que la petición sobre declaración de herederos de la señora Agripina Ríos Ramos se había presentado ante el Tribunal de Primera Instancia.

El 12 de febrero de 1999 le ordenamos a la Directora de la Oficina de Inspección de Notarías que investigara la querella presentada y nos sometiera un informe sobre el particular. El 19 de marzo de 1999 ésta compareció y nos rindió un informe del cual se desprende que el querellado no desplegó a cabalidad sus funciones de ilustrar, advertir e informar a las partes sobre el asunto profesional que le fuera encomendado.

Conforme a las recomendaciones de la Directora de la Oficina de Inspección de Notarías, emitimos Resolución el **21 de abril de 1999**, notificada a las partes el 26 de abril de 1999, **ordenándole al licenciado Rivera Durán que, a sus expensas, gestionara los procedimientos judiciales para la obtención de las resoluciones correspondientes sobre declaración de herederos; y que debía preparar la correspondiente escritura pública y gestionar la inscripción de copia certificada de la misma en el Registro de la Propiedad.** Se le ordenó, además, que mostrara causa, dentro del término de treinta (30) días a partir de la notificación de dicha Resolución, por la cual no debíamos ejercer nuestra jurisdicción disciplinaria en vista de su conducta.

Ante el incumplimiento del licenciado Rivera Durán, el 3 de junio de 1999 este Tribunal le concedió un término adicional de diez (10) días para cumplir con lo ordenado en nuestra Resolución del 21 de abril de 1999. **Se le apercibió, que su incumplimiento con lo allí dispuesto podría conllevar su suspensión del ejercicio de la abogacía.**

El licenciado Rivera Durán compareció ante nos, los días 16 y 22 de julio de 1999, mostrando causa por la cual no debíamos ejercer nuestra jurisdicción disciplinaria.[1] Conforme a nuestra Resolución de 21 de abril

---

[1] En ambas fechas el licenciado Rivera Durán sometió el mismo escrito, incluso con la misma fecha de 12 de julio de 1999. La secretaria del referido abogado, señora Claribel Paredes, se responsabilizó por no haber presentado el escrito en tiempo, señalando que la demora se debió a un olvido suyo.

de 1999, le ordenamos, mediante Resolución de 5 de agosto de 1999, a la Directora de la Oficina de Inspección de Notarías y al licenciado Rivera Durán, que nos informaran las gestiones realizadas por éste para obtener las resoluciones judiciales sobre declaración de herederos necesarias para preparar la correspondiente escritura pública sobre compraventa e inscribir copia certificada de la misma en el Registro de la Propiedad.

El 16 de octubre de 1999 compareció el quejoso, señor David Villanueva, por derecho propio, para informarnos que hasta ese momento no había sostenido ningún tipo de comunicación con el licenciado Rivera Durán con relación a la escritura pública en cuestión. Por tal razón, el 4 de noviembre de 1999, le concedimos a la Directora de la Oficina de Inspección de Notarías y al licenciado Rivera Durán un término de diez (10) días para darle cumplimiento a lo ordenado el 5 de agosto del mismo año.

Ante el incumplimiento del licenciado Rivera Durán con las órdenes de este Tribunal, el 28 de diciembre de 1999 emitimos una Resolución concediéndole nuevamente un término de diez (10) días, contados a partir de su notificación, para cumplir con nuestra Resolución del 5 de agosto de 1999. **Se le apercibió que su incumplimiento podría conllevar sanciones disciplinarias.**

El 9 de enero de 2000 compareció ante nos el licenciado Rivera Durán, solicitándonos un término adicional de sesenta (60) días, a los fines de completar los trámites para obtener las resoluciones judiciales sobre declaratoria de herederos. El 24 de enero de 2000 le concedimos el término solicitado, el cual comenzó a transcurrir a partir de la notificación de tal Resolución.

Transcurrido en exceso el término de sesenta (60) días previamente concedido, el 9 de marzo de 2000 le concedimos al licenciado Rivera Durán un término adicional de veinte (20) días, contados a partir de la notificación de dicha Resolución, para que nos informara las gestiones por él realizadas en el trámite judicial sobre declaratoria de herederos.

El 17 de mayo de 2000 la Directora de la Oficina de Inspección de Notarías nos sometió una moción informativa expresando que hasta ese momento

no se habían solicitado certificaciones negativas de testamento de los causantes vendedores, señor Flor Martínez Colón y su esposa, señora Agripina Ríos Ramos, documentos esenciales para gestionar la emisión por el Tribunal de Primera Instancia de las resoluciones correspondientes sobre declaratoria de herederos. El 6 de junio de 2000, sin haber cumplido aún con lo ordenado por este Tribunal, se le concedió al querellado un término de diez (10) días para expresarse sobre lo informado por la Directora de Inspección de Notarías, contados a partir del 8 de junio de 2000, fecha en que le fue notificada la Resolución. **Se le apercibió, además, que su incumplimiento podría conllevar su suspensión del ejercicio de la abogacía.**

El 26 de junio de 2000, el licenciado Rivera Durán compareció ante nos arguyendo que su incumplimiento se debía a que el señor David Villanueva Laporte no le había suministrado la información necesaria para poder solicitar las declaratorias de herederos correspondientes, por lo que solicitaba le ordenáramos al quejoso proveerle dicha información. A esos efectos, el 15 de septiembre de 2000 le concedimos al quejoso y al querellado un término de veinte (20) días para reunirse, y le ordenamos al primero proveerle al segundo dicha información. Le concedimos al querellado un término de treinta (30) días para informarnos sobre el resultado de sus gestiones.

Mediante Resolución de 21 de noviembre de 2000, le ordenamos al querellado y al señor David Villanueva Laporte, que dentro del término de treinta (30) días, contados a partir de la notificación de dicha resolución, nos informaran el resultado de las gestiones ordenadas en nuestra Resolución del 15 de septiembre del 2000. El 22 de diciembre de 2000 el quejoso compareció informando, en síntesis, que el querellado no había realizado gestión alguna a los fines de celebrar una reunión entre ambos, y que éste no quería asumir su responsabilidad, por lo que nos solicitaba le impusiéramos la sanción más severa otorgada en estos casos.

El 2 de febrero de 2001 le concedimos a las partes un término improrrogable de treinta (30) días para que se reunieran, el cual prorrogamos concediéndoles un término final de diez (10) días, mediante Resolución de

28 de febrero de 2001. El licenciado Rivera Durán se reunió con el señor David Villanueva el 24 de febrero de 2001, según nos informara el primero el 19 de marzo del mismo año. En su comunicación, el querellado nos solicitó un término adicional de noventa (90) días para completar los trámites por él iniciados para obtener las correspondientes resoluciones judiciales sobre declaratoria de herederos. El 20 de abril de 2001, le concedimos el término solicitado.

El 31 de agosto de 2001, sin haber sido informados del resultado de las gestiones del licenciado Rivera Durán, determinamos concederle un término adicional de diez (10) días para cumplir con nuestra Resolución del 20 de abril de 2001. El querellado incumplió con las órdenes impartidas por este Tribunal. No obstante, el 25 de septiembre de 2001 le concedimos un término final de diez (10) días para informarnos el resultado de sus gestiones. **En dicha ocasión le apercibimos que su incumplimiento con nuestras órdenes podría conllevar la imposición de sanciones disciplinarias, incluyendo la suspensión del ejercicio de la abogacía.**

El 10 de octubre de 2001, el querellado presentó un escrito señalando que el término de diez (10) días que se le había otorgado para poder completar los trámites de la obtención de las resoluciones judiciales sobre declaratoria de herederos era insuficiente, por lo que solicitaba un término adicional de noventa (90) días para "finalizar la búsqueda y poder corregir el defecto".

El 18 de enero de 2002 le concedimos al querellado un término perentorio de treinta (30) días para completar los trámites que estaba realizando con relación a la queja en su contra, **so pena de la imposición de severas sanciones disciplinarias.** En respuesta, el 25 de marzo de 2002, el referido letrado nos informó haber obtenido la certificación negativa de testamento y el certificado de defunción,[2] y que estaba haciendo los trámites para conseguir los otros documentos necesarios para poder solicitar del Tribunal de Primera Instancia las correspondientes declaraciones sobre herederos,

---

[2] El querellado no indicó en dicha moción de cuál de los causantes eran los documentos que había conseguido.

para lo que solicitaba se le concediera un término adicional de sesenta (60) días. El 10 de mayo de 2002 le concedimos al querellado un término adicional de cuarenta y cinco (45) días para completar sus gestiones. **En dicha Resolución le apercibimos que de incumplir con nuestra orden tomaríamos las medidas disciplinarias correspondientes, incluyendo su suspensión temporal de la notaría.** Transcurrido dicho plazo sin que el querellado nos informara haber completado las gestiones que le fueran ordenadas, compareció el quejoso, el 26 de junio 2002, informándonos que éste no había cumplido con lo ordenado.

II

La naturaleza pública de la profesión de abogado impone a la clase togada la observancia de lo ordenado y requerido por este Tribunal. La obligación de responder diligentemente a las órdenes de esta Curia cobra mayor relevancia cuando tales requerimientos están relacionados con las investigaciones y/o los procedimientos de los asuntos disciplinarios sometidos ante nuestra consideración.[3] El incumplir con las órdenes de este Tribunal, dentro de un proceso disciplinario, constituye una falta ética separada y distinta a los méritos de la queja.[4] Específicamente sobre el particular hemos expresado lo siguiente:

> Es conocido ya por todos los miembros de la clase togada que la naturaleza de su función requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando de su conducta profesional se trata. Aunque parezca increíble, la necesidad de esta manifestación y la frecuencia con la que nuestras órdenes son desacatadas la hace imperiosa. Todos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal respecto a una queja presentada en su contra que está siendo investigada.[5]

Por razón de que "[e]l patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la

---

[3] In re Vázquez Santiago, res. el 20 de diciembre de 2001, 2002 TSPR 19, 155 D.P.R. ___ (2001), 2002 J.T.S. 23.

[4] In re Figueroa Carrasquillo, res. el 9 de enero de 2001, 2001 TSPR 11, 153 D.P.R. ___ (2001), 2001 J.T.S. 11.

[5] In re Colón Torres, 129 D.P.R. 490 (1991). Véase además, In re Pagán Ayala, 130 D.P.R. 678 (1992); In re Bonaparte Rosaly, 130 D.P.R. 199 (1992); In re Ríos Acosta I, 139 D.P.R. 117 (1995).

abogacía", este Tribunal le impone a aquellos que las incumplen severas sanciones.[6]

Surge claramente de lo anteriormente expuesto que, a pesar de las repetidas oportunidades que le hemos brindado al licenciado Félix Rivera Durán para cumplir con nuestros requerimientos, éste ha demostrado un alto grado de dejadez, indiferencia y falta de diligencia. El 21 de abril de 1999 le ordenamos a éste realizar las gestiones necesarias para lograr la inscripción de copia certificada de la escritura pública en cuestión. El querellado no sólo ha incumplido con dicha orden, sino que reiteradamente ha desobedecido nuestras órdenes posteriores. La desatención y el craso incumplimiento del licenciado Rivera Durán con las órdenes de este Tribunal revela un alto grado de indiferencia por parte de éste respecto al cumplimiento de las obligaciones mínimas que le exige la profesión togada a cada uno de sus miembros.

Por los fundamentos antes expuestos, procede dictar sentencia suspendiendo indefinidamente al licenciado Félix Rivera Durán del ejercicio de la abogacía, hasta tanto otra cosa disponga este Tribunal.

Le imponemos al licenciado Rivera Durán el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá, además, certificarnos dentro de un término de treinta (30) días, a partir de su notificación, el cumplimiento de estos deberes.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra notarial del licenciado Rivera Durán, incluyendo su sello notarial, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías, para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

---

[6] In re Vázquez Santiago, supra.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Félix Rivera Durán                AB-1998-123      Queja

SENTENCIA

San Juan, Puerto Rico, a 29 de octubre de 2002.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta sentencia decretando la suspensión inmediata e indefinida de Félix Rivera Durán del ejercicio de la abogacía, hasta tanto otra cosa disponga este Tribunal.

Le imponemos al licenciado Rivera Durán el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá, además, certificarnos dentro de un término de treinta (30) días, a partir de su notificación, el cumplimiento de estos deberes.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra notarial del licenciado Rivera Durán, incluyendo su sello notarial, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías, para el correspondiente examen e informe a este Tribunal.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y los Jueces

Asociados señores Rebollo López y Hernández no intervinieron.


                    Patricia Otón Olivieri
                  Secretaria del Tribunal Supremo