EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Carlos M. Ramírez Hernández | Queja <br><br> 2004 TSPR 190 <br><br> 163 DPR _____ |

Número del Caso: AB-2004-116
              TS-8578

Fecha: 24 de septiembre de 2004


Colegio de Abogados de Puerto Rico:
                        Lcdo. Ángel N. Candelario Cáliz
                        Oficial Investigador


Materia: Conducta Profesional
        (La suspensión será efectiva el 4 de octubre de 2004
        fecha en que se le notificó al abogado de su
        suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Carlos M. Ramírez Hernández

AB-2004-116
TS-8578

PER CURIAM

San Juan, Puerto Rico, a 24 de septiembre de 2004

El 18 de diciembre de 2003, en el caso Núm. TS 8578, el Colegio de Abogados de Puerto Rico presentó ante este Tribunal una "Moción Informativa" indicando que el Lcdo. Carlos M. Ramírez Hernández tenía al descubierto su fianza notarial, la cual estaba vencido desde marzo de ese mismo año. En vista de ello, y mediante Resolución emitida el 31 de marzo de 2004, le concedimos al Lcdo. Ramírez un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría; le apercibimos en dicha Resolución que su incumplimiento con la misma conllevaría la suspensión del ejercicio de la notaría y podría dar lugar a sanciones disciplinarias adicionales.

Considerando que el Lcdo. Ramírez no compareció en el término dispuesto, el 8 de junio de 2004 emitimos una <u>segunda</u> Resolución, concediéndole al referido letrado un término final de diez (10) días para que cumpliera estrictamente con la orden en cuestión. Nuevamente le apercibimos que su incumplimiento podría conllevar la suspensión inmediata del ejercicio de la abogacía. Esta segunda Resolución fue notificada <u>personalmente</u> al Lcdo. Ramírez Hernández por un alguacil de este Tribunal.

Mientras esto sucedía, el 11 de mayo de 2004 --en el caso Núm. AB-2004-116-- el Colegio de Abogados compareció ante este Tribunal informando que el Lcdo. Ramírez había hecho caso omiso a los múltiples requerimientos hechos por la referida entidad para que se expresara con relación a una queja presentada en su contra. En vista de ello, el 4 de junio de 2004 le concedimos al referido letrado un término de diez (10) días para que compareciera ante el Colegio a responder los requerimientos de éste. Además, le concedimos el término de diez (10) días para que compareciera ante este Tribunal y expusiera las razones por las cuales no debía ser disciplinado por ignorar los requerimientos del Colegio de Abogados. Una vez más le apercibimos que su incumplimiento podría conllevar sanciones disciplinarias severas, incluyendo la suspensión al ejercicio de la profesión. Esta Resolución también fue notificada <u>personalmente</u> al Lcdo. Ramírez Hernández por un alguacil de este Tribunal.

Al día de hoy han transcurrido <u>más de tres meses</u> sin que el Lcdo. Ramírez Hernández haya comparecido ante este Tribunal a expresarse sobre las Resoluciones antes mencionadas. En vista de lo anterior, procede que resolvamos según intimado en las mismas.[1]

I

Nos parece sencillamente sorprendente el hecho de que un abogado ponga en riesgo su título y su profesión legal por desacatar las órdenes que, con relación a su conducta profesional, emita este Tribunal. Asimismo, nos alarma sobremanera la frecuencia con la que este Foro tiene que enfrentar dicha situación. Ciertamente, nos parece que el tiempo y esfuerzo invertido en obtener su grado académico y los sacrificios que conlleva la admisión a la profesión debería ser incentivo suficiente para que los miembros de la clase togada resguarden con <u>sumo recelo</u> el título que ostentan.

En reiteradas ocasiones este Tribunal ha expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino también a la jurisdicción disciplinaria de este Tribunal. *In re* Cuevas Vélez, res. el 30 de mayo de 2002,

---

[1] Por tratarse de la conducta del mismo abogado, hemos procedido a consolidar los casos AB-2004-116 y TS-8578.

2002 T.S.P.R. 108; *In re Ríos Acosta*, 143 D.P.R. 128 (1997). Asimismo, hemos sido enfáticos al señalar que la naturaleza pública de la profesión de abogado le impone a la clase togada la obligación de observar rigurosamente los requerimientos de este Tribunal, particularmente cuando se trata de asuntos disciplinarios sometidos ante nuestra consideración. *In re Vázquez Santiago*, res. el 20 de diciembre de 2001, 2002 T.S.P.R. 19.

En ese sentido es importante resaltar que el incumplimiento por parte de un abogado con las órdenes emitidas por este Tribunal dentro del procedimiento disciplinario, constituye una falta ética separada y distinta a los méritos de la queja, que conlleva la imposición de sanciones disciplinarias severas.[2] Ello considerando que "[e]l patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía." *In re Vargas Soto*, 146 D.P.R. 55, 62 (1998).

Como señaláramos en Colegio de Abogados de Puerto Rico v. Pizzini Arnott, res. el 14 de junio de 2002, 2002 T.S.P.R. 103, el "[d]esatender nuestras órdenes en el curso

---

[2] *In re Pérez Brasa*, res. el 10 de diciembre de 2002, 2002 T.S.P.R. 46; *In re Vázquez Santiago*, res. el 20 de diciembre de 2001, 2001 T.S.P.R. 19; *In re Figueroa Carrasquillo*, res. el 2 de enero de 2001, 2001 TSPR 11; *In re López López*, 149 D.P.R. 82 (1999); *In re Vargas Soto*, 146 D.P.R. 55 (1998); *In re Ríos Acosta I*, 139 D.P.R. 117 (1995); *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992); *In re Nicot Santana*, 129 D.P.R. 717 (1992).

de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal." Dicho proceder constituye un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Foro que, definitivamente, no estamos dispuestos a aceptar. Reiteramos que "no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con [nuestras] órdenes." *In re Guemárez Santiago I*, 146 D.P.R. 27, 28 (1998); véase, además: *In re Nicot Santana*, 129 D.P.R. 717, 718 (1992).

## II

La actitud de dejadez y desidia que ha demostrado el abogado Carlos Ramírez Hernández ante las órdenes emitidas por este Tribunal constituye prueba incontrovertible de que éste no interesa continuar siendo miembro de la profesión. Como señaláramos anteriormente, al día de hoy, luego de tres meses de haber recibido personalmente las Resoluciones emitidas por este Tribunal, este abogado no ha comparecido a expresarse sobre las mismas. Dicho proceder constituye una falta de respeto a este Tribunal que, bajo ningún concepto, estamos dispuestos a tolerar.

Por los fundamentos antes expresados, se decreta la suspensión indefinida e inmediata de Carlos M. Ramírez Hernández del ejercicio de la abogacía en nuestra jurisdicción.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Carlos M. Ramírez Hernández

AB-2004-116
TS-8578

SENTENCIA

San Juan, Puerto Rico, a 24 de septiembre de 2004

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se decreta la suspensión indefinida e inmediata de Carlos M. Ramírez Hernández del ejercicio de la abogacía en nuestra jurisdicción.

Le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá certificarnos dentro del término de treinta días, a partir de la notificación esta Sentencia, el cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra y sello notarial del Sr. Carlos M. Ramírez Hernández, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Publíquese.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo