EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Humberto J. Ramírez Ferrer | 2005 TSPR 67<br><br>163 DPR _____ |

Número del Caso: AB-2003-193


Fecha: 6 de mayo de 2005



Abogado del Peticionario

          Por Derecho Propio

Oficina del Procurador General

          Lcda. Noemí Rivera de León
          Procuradora General Auxiliar




Materia: Conducta Profesional
      (La suspensión será efectiva el 13 de mayo de 2005 fecha en que se le notificó al abogado de su suspensión inmediata).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Humberto J. Ramírez Ferrer

AB-2003-193

PER CURIAM

San Juan, Puerto Rico, a 6 de mayo de 2005

Luego de evaluar una queja que, contra el Lcdo. Humberto J. Ramírez Ferrer, presentaran el Sr. Gipsy Córdova Martínez y la Sra. Teresa Maldonado Oliveras, y la comparecencia del referido abogado, el Procurador General de Puerto Rico nos rindió un informe, de fecha 16 de abril de 2004, en el cual concluyó "...que el querellado incurrió en violación al Canon 21 de Ética Profesional."

Mediante Resolución de 5 de mayo de 2004 le concedimos término al Lcdo. Ramírez Ferrer "...para expresarse sobre el Informe presentado por la Oficina del Procurador General." Este no compareció en cumplimiento de dicha Resolución.

El <u>16 de julio de 2004</u>, le concedimos al Lcdo. Ramírez Ferrer un segundo término "...para expresarse sobre el Informe del Procurador General". El referido abogado <u>tampoco comparecíó</u>. Mediante Resolución de <u>11 de febrero de 2005</u>, le concedimos un nuevo término al Lcdo. Ramírez Ferrer "...para mostrar causa por la cual no deba ser disciplinado <u>por incumplir</u> con nuestras Resoluciones de 5 de mayo y de 16 de julio de 2004, <u>acción disciplinaria que, incluso, puede conllevar el desaforo</u>". (énfasis suplido).

En esta <u>tercera</u> ocasión, ordenamos que la Resolución emitida fuera <u>notificada personalmente</u> al Lcdo. Ramírez Ferrer por la Oficina del Alguacil de este Tribunal. <u>Así se hizo el 17 de febrero de 2005</u>. Al día de hoy, <u>el Lcdo. Ramírez Ferrer no ha comparecido ante el Tribunal en cumplimiento de lo ordenado</u>. En otras palabras, ha transcurrido <u>en exceso</u> de un (1) año sin que el mencionado abogado se haya dignado a cumplir con nuestras órdenes.

I

Resulta verdaderamente sorprendente el hecho de que un abogado ponga en riesgo su título y el ejercicio de su profesión por desacatar las órdenes que, con relación a su conducta profesional, emita este Tribunal. Nos llama la atención la frecuencia con la que este Tribunal se enfrenta a esta clase de situación. Somos del criterio que el tiempo y esfuerzo invertido en obtener su grado académico, y los

sacrificios que conlleva la admisión a la profesión, deberían ser incentivos suficientes para que los miembros de la clase togada actúen de manera distinta ante los requerimientos que les hace este Tribunal.

En reiteradas ocasiones hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino también a la jurisdicción disciplinaria de este Tribunal. *In re* Cuevas Vélez, res. el 30 de mayo de 2002, 2002 T.S.P.R. 108; *In re* Ríos Acosta, 143 D.P.R. 128 (1997). Asimismo, hemos sido enfáticos al señalar que la naturaleza pública de la profesión de abogado le impone a la clase togada la obligación de observar rigurosamente los requerimientos de este Tribunal, particularmente cuando se trata de asuntos disciplinarios sometidos ante nuestra consideración. *In re* Vázquez Santiago, res. el 20 de diciembre de 2001, 2002 T.S.P.R. 19.

En ese sentido es importante resaltar que el incumplimiento por parte de un abogado con las órdenes emitidas por este Tribunal dentro del procedimiento disciplinario, constituye una falta ética separada y distinta a los méritos de la queja, que conlleva la imposición de sanciones disciplinarias severas.[1] Ello

---

[1] *In re* Pérez Brasa, res. el 10 de diciembre de 2002, 2002 T.S.P.R. 46; *In re* Vázquez Santiago, res. el 20 de diciembre

(Continúa . . .)

considerando que "[e]l patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía." *In re* Vargas Soto, 146 D.P.R. 55, 62 (1998).

Como señaláramos en Colegio de Abogados de Puerto Rico v. Pizzini Arnott, res. el 14 de junio de 2002, 2002 T.S.P.R. 103, el "[d]esatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal." Dicho proceder constituye un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Tribunal que, definitivamente, no estamos dispuestos a aceptar. Reiteramos que "no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con [nuestras] órdenes." *In re* Guemárez Santiago I, 146 D.P.R. 27, 28 (1998); véase, además: *In re* Nicot Santana, 129 D.P.R. 717, 718 (1992).

## II

La actitud de dejadez y desidia que ha demostrado el Lcdo. Humberto J. Ramírez Ferrer ante la orden emitida por este Tribunal constituye prueba incontrovertible de que éste no interesa continuar siendo miembro de la profesión. Dicho

---

de 2001, 2001 T.S.P.R. 19; *In re* Figueroa Carrasquillo, res. el 2 de enero de 2001, 2001 TSPR 11; *In re* López López, 149 D.P.R. 82 (1999); *In re* Vargas Soto, 146 D.P.R. 55 (1998); *In re* Ríos Acosta I, 139 D.P.R. 117 (1995); *In re* Pérez Benabe, 133 D.P.R. 361 (1993); *In re* Ribas Dominicci I, 131 D.P.R. 491 (1992); *In re* Nicot Santana, 129 D.P.R. 717 (1992).

proceder constituye una falta de respeto a este Tribunal que, bajo ningún concepto, estamos dispuestos a tolerar.

Por los fundamentos antes expresados, se decreta la suspensión indefinida e inmediata de Humberto J. Ramírez Ferrer del ejercicio de la abogacía y de la notaría en nuestra jurisdicción.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Humberto J. Ramírez Ferrer

                      AB-2003-193

SENTENCIA

San Juan, Puerto Rico, a 6 de mayo de 2005

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se decreta la suspensión indefinida e inmediata de Humberto J. Ramírez Ferrer del ejercicio de la abogacía y de la notaría en nuestra jurisdicción.

Le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá certificarnos dentro del término de treinta días, a partir de la notificación de esta Sentencia, el cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra y sello notarial de Humberto J. Ramírez Ferrer, luego de lo cual entregará los mismos a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

                      Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo