EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> José Luis Novas Dueño | 2005 TSPR 112 <br><br> 165 DPR _____ |

Número del Caso: AB-2003-219

Fecha: 1 de agosto de 2005

 Abogado del Querellado:

 Por Derecho Propio

Abogado del Querellante:

 Lcdo. Adrián O. Díaz Díaz

Oficina del Procurador General:

 Lcda. Noemí Rivera de León
 Procuradora General Auxiliar

Materia: Conducta Profesional
 (La suspensión será efectiva el 11 de agosto de 2005
 fecha en que se le notificó al abogado de su
 suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

José Luis Novas Dueño

AB-2003-219

PER CURIAM

San Juan, Puerto Rico, a 1 de agosto de 2005

Mediante informe, de 16 de octubre de 2003, el Procurador General de Puerto Rico trajo a nuestra atención una queja que ante su oficina radicara el Sr. Richard Hartel contra el abogado José Luis Novas Dueño.[1] En el referido Informe, el Procurador General concluyó que el mencionado abogado "incurrió en violaciones a la Ley Notarial y al Canon 18 de Ética Profesional".

---

[1] La misma, en síntesis y en lo pertinente, le imputa al referido abogado haber incurrido en negligencia en torno a la transferencia de título de un apartamento "de tiempo compartido" en el Condominio ESJ Towers, a saber: los padres del señor Hartel compraron un "time share" en un apartamento del referido condominio el 24 de febrero de 1989, actuando como notario el licenciado Novas Dueño. No obstante el tiempo

El 14 de noviembre de 2003, mediante Resolución a esos efectos, le concedimos término al licenciado Novas Dueño para expresarse sobre el Informe del Procurador General. Habiendo hecho caso omiso el abogado a dicha Resolución, el 1ro. de abril de 2005 le concedimos un nuevo término para que expresara su posición al respecto. En esta ocasión, apercibimos al licenciado Novas Dueño de que su incumplimiento con la Resolución emitida "conllevaría su inmediata suspensión del ejercicio de la abogacía". El 21 de julio de 2005 le concedimos un término improrrogable de cinco días para cumplir con las Resoluciones emitidas. En esta Resolución se le apercibió "que su incumplimiento conllevará su suspensión inmediata e indefinida, del ejercicio de la abogacía y la notaría". Dicha Resolución fue notificada personalmente el 22 de julio de 2005. El licenciado Novas Dueño no ha comparecido. Resolvemos.

I

Resulta verdaderamente sorprendente el hecho de que un abogado ponga en riesgo su título y el ejercicio de su profesión por desacatar las órdenes que, con relación a su conducta profesional, emita este Tribunal. Nos llama la atención la frecuencia con la que este Tribunal se enfrenta a esta clase de situación. Somos del criterio que el tiempo

_____

transcurrido y de que se le pagaron los correspondientes honorarios al licenciado Novas Dueño, al día de hoy no se ha hecho la transferencia de título a favor de los compradores.

y esfuerzo invertido en obtener su grado académico, y los sacrificios que conlleva la admisión a la profesión, deberían ser incentivos suficientes para que los miembros de la clase togada actúen de manera distinta ante los requerimientos que les hace este Tribunal.

En reiteradas ocasiones hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino también a la jurisdicción disciplinaria de este Tribunal. *In re* Cuevas Vélez, res. el 30 de mayo de 2002, 2002 T.S.P.R. 108; *In re* Ríos Acosta, 143 D.P.R. 128 (1997). Asimismo, hemos sido enfáticos al señalar que la naturaleza pública de la profesión de abogado le impone a la clase togada la obligación de observar rigurosamente los requerimientos de este Tribunal, particularmente cuando se trata de asuntos disciplinarios sometidos ante nuestra consideración. *In re* Vázquez Santiago, res. el 20 de diciembre de 2001, 2002 T.S.P.R. 19.

En ese sentido es importante resaltar que el incumplimiento por parte de un abogado con las órdenes emitidas por este Tribunal dentro del procedimiento disciplinario, constituye una falta ética separada y distinta a los méritos de la queja, que conlleva la

imposición de sanciones disciplinarias severas. [2] Ello considerando que "[e]l patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía." *In re Vargas Soto*, 146 D.P.R. 55, 62 (1998).

Como señaláramos en *Colegio de Abogados de Puerto Rico v. Pizzini Arnott*, res. el 14 de junio de 2002, 2002 T.S.P.R. 103, el "[d]esatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal." Dicho proceder constituye un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Tribunal que, definitivamente, no estamos dispuestos a aceptar. Reiteramos que "no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con [nuestras] órdenes." *In re Guemárez Santiago I*, 146 D.P.R. 27, 28 (1998); véase, además: *In re Nicot Santana*, 129 D.P.R. 717, 718 (1992).

## II

La actitud de dejadez y desidia que ha demostrado el Lcdo. José Luis Novas Dueño ante la orden emitida por este

---

[2] *In re Pérez Brasa*, res. el 10 de diciembre de 2002, 2002 T.S.P.R. 46; *In re Vázquez Santiago*, res. el 20 de diciembre de 2001, 2001 T.S.P.R. 19; *In re Figueroa Carrasquillo*, res. el 2 de enero de 2001, 2001 TSPR 11; *In re López López*, 149 D.P.R. 82 (1999); *In re Vargas Soto*, 146 D.P.R. 55 (1998); *In re Ríos Acosta I*, 139 D.P.R. 117 (1995); *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992); *In re Nicot Santana*, 129 D.P.R. 717 (1992).

Tribunal <u>constituye prueba incontrovertible de que éste no interesa continuar siendo miembro de la profesión</u>. Dicho proceder constituye una falta de respeto a este Tribunal que, bajo ningún concepto, estamos dispuestos a tolerar.

Por los fundamentos antes expresados, se decreta la suspensión, indefinida e inmediata, de José Luis Novas Dueño del ejercicio de la abogacía y de la notaría en nuestra jurisdicción, hasta que otra cosa disponga el Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

José Luis Novas Dueño

AB-2003-219

SENTENCIA

San Juan, Puerto Rico, a 1 de agosto de 2005

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se decreta la suspensión, inmediata e indefinida, de José Luis Novas Dueño del ejercicio de la abogacía y de la notaría hasta que otra cosa disponga el Tribunal.

Le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá certificarnos dentro del término de treinta días, a partir de la notificación de esta Sentencia, el cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra y sello notarial de José Luis Novas Dueño, luego de lo cual entregará los mismos a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo