EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Ferdinand Ferrer Escobar | 2004 TSPR 21 <br><br> 160 DPR _____ |

Número del Caso: TS-3875

Fecha: 9 de febrero de 2004

Colegio de Abogados de Puerto Rico:
                    Lcdo. José M. Montalvo Trías
                    Director Ejecutivo

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ferdinand Ferrer Escobar          TS-3875

PER CURIAM

San Juan, Puerto Rico, a 9 de febrero de 2004

Nuevamente nos vemos obligados a recordarle a todos los abogados y notarios de su deber de notificar cualquier cambio en su dirección postal o física. In re Serrallés III, 119 D.P.R. 494, 495 (1987). El incumplimiento de este deber menoscaba la facultad de este Tribunal para velar porque los abogados cumplan fielmente los compromisos profesionales asumidos cuando juramentaron ante esta Curia. In re Rivera D'Ambrosse, 97 CDT 86 (1997).

I

El Lic. Ferdinand Ferrer Escobar fue admitido al ejercicio de la abogacía el 16 de diciembre de 1971. Asimismo, fue admitido al

ejercicio de la notaría el 1ro de julio de 1973.

El 15 de agosto de 2002, el licenciado Ferrer Escobar se comunicó mediante carta con la Oficina de Inspección de Notarías de este Tribunal. En su misiva, el licenciado Ferrer Escobar expuso que razones apremiantes de salud le impedían continuar activo en la profesión legal, razón por la cual había iniciado el proceso de cerrar su consultorio. En vista de ello, anunció que renunciaba, voluntariamente y con carácter inmediato, a la práctica de la Notaría.

Mediante Resolución de 30 de diciembre de 2002, y luego de que la obra notarial del licenciado de epígrafe fuera examinada, aprobada y entregada al Archivero General de Protocolos del Distrito Notarial de Bayamón, este Tribunal dio por terminada la fianza otorgada por el Colegio de Abogados de Puerto Rico para garantizar las funciones notariales de dicho abogado.

Posteriormente, el Director Ejecutivo del Colegio de Abogados de Puerto Rico, en representación de dicha entidad, compareció ante nos y solicitó la suspensión del licenciado Ferrer Escobar del ejercicio de la abogacía por falta de pago de la cuota anual de colegiación. En esencia, expresó que el referido licenciado había omitido pagar la cuota de colegiación correspondiente al año 2003.

Ante tales hechos, le concedimos al licenciado Ferrer Escobar un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendido del ejercicio de

la abogacía. Se le apercibió en esa ocasión que su incumplimiento con los términos de dicha Resolución conllevaría la suspensión automática del ejercicio de la abogacía.

Debido a que el Lic. Ferrer Escobar no compareció ante nos, se le concedió un término adicional de diez (10) días para cumplir con la orden antes reseñada. Nuevamente se le advirtió que su incumplimiento con dicha orden conllevaría la suspensión inmediata del ejercicio de la abogacía. Dicho término transcurrió sin que el licenciado Ferrer Escobar compareciera ante nos.

En vista de ello, el 4 de diciembre de 2003 uno de los Alguaciles Auxiliares de Seguridad de este Tribunal se personó a la dirección residencial de récord del licenciado de epígrafe y encontró que la misma estaba abandonada. Se procedió a dejar un aviso para que el licenciado Ferrer Escobar, o el residente actual, se comunicara con la Oficina del Alguacil. Una semana más tarde, el mismo Alguacil Auxiliar se personó nuevamente a la dirección de récord del abogado de epígrafe y en dicha ocasión un vecino del lugar le comunicó que el señor Ferrer Escobar y su esposa, la señora Ileana L. Lavandero, se encontraban recluidos en un asilo en Guaynabo. El vecino no pudo precisar ni el nombre ni la ubicación del lugar.

II

Ya es harto conocido que los deberes inherentes a la práctica de la abogacía exigen una meticulosa atención y obediencia a las órdenes de este Tribunal, especialmente cuando se trata de procedimientos relativos a la conducta profesional de los abogados. A tales efectos hemos expresado que, todos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal. In re Quevedo Cordero, res. el 21 de enero de 1999, 99 TSPR 4; In re Pagán Ayala, 130 D.P.R. 678 (1992). El incumplimiento con las resoluciones de este foro acarrea la imposición de sanciones disciplinarias severas que pueden culminar en la suspensión. In re Guemárez Santiago, 146 D.P.R. 27 (1998).

Por otro lado, cuando la omisión del abogado de mantener al día su dirección, conforme la Regla 8(J) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI, obstaculiza sustancialmente el ejercicio de nuestra jurisdicción disciplinaria o investigativa, ello podría justificar como medida auxiliadora una suspensión temporal del ejercicio de la abogacía. In re Morales, Rubin, 139 D.P.R. 44 (1995).

Asimismo, cuando un abogado no ha satisfecho el pago de su cuota de colegiación, procede la suspensión inmediata e indefinida del ejercicio de la abogacía. In re: Quevedo Cordero, supra; In re Méndez Rivera, 142 D.P.R. 44(1997).

### III

A pesar de las múltiples gestiones efectuadas para localizar al licenciado Ferrer Escobar, dichos tramites han sido infructuosos.

En vista de que no conocemos el paradero del licenciado Ferrer Escobar, que el mismo no ha satisfecho el pago de su cuota de colegiación y que no ha respondido a las órdenes de este Tribunal, nos vemos obligados a decretar su suspensión indefinida del ejercicio de la abogacía, hasta que otra cosa se disponga.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ferdinand Ferrer Escobar                TS-3875

SENTENCIA

San Juan, Puerto Rico, a 9 de febrero de 2004

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se suspende indefinidamente al Lic. Ferdinand Ferrer Escobar del ejercicio de la abogacía.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además deberá certificarnos en treinta días del cumplimiento de estos deberes.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no intervino.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo