EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  | Queja |
|---|---|
| In re: <br><br> Lilliam Annette Ramos Bahamundi | 2004 TSPR 29 <br><br> 161 DPR _____ |

Número de los Casos: AB-2002-233

Fecha: 19 de febrero de 2004

Oficina del Procuradora General:

                        Lcda. Rosana Márquez Valencia
                        Procuradora General Auxiliar

Abogada de la Parte Querellada:
                        Por Derecho Propio

Materia: Conducta Profesional
        (La suspensión será efectiva el día 26 de febrero de 2004 fecha en que se le notificó a la abogada de su suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Lilliam Annette Ramos Bahamundi          AB-2002-233


PER CURIAM


San Juan, Puerto Rico, a 19 de febrero de 2004.

La licenciada Lilliam Annette Ramos Bahamundi fue admitida al ejercicio de la abogacía el 19 de septiembre de 1990. Fue admitida como notario público el 7 de mayo de 1991.

El 22 de mayo de 2002 el señor Porfirio Ramírez Díaz visitó la Oficina del Procurador General para quejarse contra la licenciada Ramos Bahamundi por incumplir con lo pactado en el contrato para la prestación de servicios profesionales por ésta última, en calidad de notario público. Alegó, el señor Ramírez Díaz

que la referida notario se comprometió a otorgar una escritura pública sobre compraventa y presentar copia certificada de la misma en el Registro de la Propiedad. El quejoso se comprometió a pagar por esos servicios la suma de mil tres dólares ($1,003). Alegó, que la querellada no cumplió con su obligación contractual y el quejoso está impedido de vender su propiedad, pues no está inscrita en el Registro de la Propiedad.

El 16 de agosto de 2002, compareció entre nos el Procurador General solicitando orden dirigida a la querellada para que proveyera a su oficina su versión de los hechos, después de solicitarle tal información por carta a su dirección postal, por correo certificado con acuse de recibo, resultando infructuosa tal gestión.

El 23 de agosto de 2002, emitimos una Resolución concediéndole un término a la querellada para contestar los requerimientos del Procurador General y para exponer por escrito las razones por las cuales no debía ser disciplinada por no contestar a lo requerido por dicho funcionario. Se le apercibió que el incumplimiento con lo ordenado por este Tribunal podría conllevar la suspensión indefinida del ejercicio de la abogacía. Dicha Resolución fue notificada a la querellada personalmente el día 17 de septiembre de 2002 con copia de la misma.

El 27 de septiembre de 2002 la querellada compareció por escrito ante nos y expresó que después de realizar un estudio de titulo otorgó el 23 de diciembre de 2000 la

escritura número 137 sobre Compraventa. Que el 3 de enero de 2001 presentó en el Registro de la Propiedad, Sección I de Caguas, copia certificada de la misma. Un año después el quejoso solicitó de su oficina una copia de la minuta de presentación y se la entregó. Posteriormente, el quejoso visitó la oficina de la querellada y le informó que el inmueble objeto de la escritura de compraventa otorgada por ella está inscrita a nombre de otra persona en el Registro de la Propiedad. La querellada alega que fue a indagar al Registro de la Propiedad sobre lo planteado por el quejoso y verificó que efectivamente el inmueble estaba inscrito a nombre de otra persona. Atribuyó tal situación a un error de los funcionarios y empleados del Registro de la Propiedad. Indicó que aunque no le correspondía hizo gestiones dirigidas a corregir el problema.

El 13 de diciembre de 2002 concedimos al Procurador General un término para expresarse sobre lo informado por la querellada. El Procurador General compareció por escrito, ante nos el 23 de diciembre de 2002. Nos informó que su oficina le había requerido a la querellada, mediante carta del 18 de octubre de 2002 y de 9 de diciembre de 2002, actualizar el estatus de sus gestiones, pero ésta aún no se ha comunicado.

El Procurador General expresó, que el incumplimiento de la querellada a sus requerimientos no le ha permitido a su oficina la evaluación de los méritos de la queja presentada. Solicitó orden dirigida a la querellada para

que proveyera la información solicitada, bajo apercibimiento de sanciones.

El 30 de diciembre de 2002 emitimos Resolución concediendo término a la querellada para que proveyera, sin dilación de clase alguna, la información solicitada por el Procurador General. Se notificó personalmente a la querellada con copia de la referida Resolución el 31 de enero de 2003.

El 20 de marzo de 2003 el Procurador General acudió por escrito, nuevamente ante nos. Expresó, que a pesar de que la querellada suministró en su escrito del 27 de septiembre de 2002 alguna información en cuanto a sus gestiones para corregir el problema no cuenta su oficina con información actualizada sobre el particular, en vista de que ésta no ha producido respuesta a sus requerimientos, a pesar de la orden a esos efectos emitida por este Tribunal el 30 de diciembre de 2002. Solicitó nuevamente de este Tribunal que le ordenara a la querellada actualizar su informe y aclarar la información que brindó en los párrafos 19 y 21 de su escrito del 27 de septiembre de 2002.

El 30 de mayo de 2003 emitimos Resolución concediéndole un **término final** a la querellada para cumplir con lo requerido por el Procurador General en su escrito del 20 de marzo de 2003. Le ordenamos que debía presentar un informe detallado sobre la inscripción de copia certificada de la escritura pública número 137, en el Registro de la Propiedad, y aclarar los párrafos 19 y 21 de su escrito

presentado el 27 de septiembre de 2002. Dicha Resolución fue notificada a la querellada el 4 de junio de 2003 a su dirección postal, Call Box 9000-200, Cayey, PR 00737-9000.

El 21 de agosto de 2003 el Procurador General acudió nuevamente ante nos e informó que la querellada no ha cumplido y por ende no le ha permitido a su oficina la evaluación de los méritos de la queja presentada. Solicitó orden a la querellada para que suministre la información solicitada.

El 10 de octubre de 2003 emitimos Resolución concediendo término a la querellada para cumplir con nuestra Resolución del 30 de mayo de 2003. Le ordenamos que, dentro de dicho término, debía comparecer a mostrar causa por la cual no deba ser sancionada. Fue notificada en su oficina con copia de dicha Resolución el 17 de octubre de 2003. Su secretaria le comunicó al alguacil de este Tribunal que la querellada había recibido la referida copia de la Resolución.

El 2 de diciembre de 2003 el Procurador General acudió nuevamente ante nos, y nos indica que la querellada no ha cumplido. Solicita la aplicación de las sanciones correspondientes.

La querellada no ha comparecido ante este Tribunal para informarnos sobre su cumplimiento con lo ordenado.

Reiteradamente, hemos señalado que los abogados tienen la ineludible obligación de responder diligentemente a nuestras órdenes y requerimientos. Hemos hecho claro que

la indiferencia de los abogados al no atender nuestros requerimientos u órdenes acarrea la imposición de severas sanciones disciplinarias.[1]

En el caso de autos la licenciada Lilliam Annette Ramos Bahamundi ha hecho caso omiso a nuestros múltiples requerimientos. Es evidente que la licenciada Ramos Bahamundi no tiene ninguna disposición de cumplir con los requerimientos del Procurador General y con nuestras órdenes. Con tal proceder ha desafiado nuestras advertencias previas.

Por todo lo antes expuesto, procede separar, de forma inmediata e indefinida, del ejercicio de la abogacía y de la notaría, en Puerto Rico a la señora Lilliam Annette Ramos Bahamundi.

Le imponemos a la querellada el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándoles, devolver cualesquier honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País.

---

[1] In re Torres Torregrosa, res. 13 de enero de 2004, 2004 T.S.P.R. 9, 160 D.P.R.____ (2004); In re Sigurani Medina, res. 12 de diciembre de 2003, 2003 T.S.P.R. 180, 160 D.P.R.___ (2003); In re Gómez Velázquez, res. 7 de marzo de 2003, 2003 T.S.P.R. 44, 158 D.P.R. ____ (2003), 2003 J.T.S. 45; In re Feliciano Crespo, res. 7 de marzo de 2003, 2003 T.S.P.R. 63, 158 D.P.R. ____ (2003), 2003 J.T.S. 62; In re Vargas Hernández, res. 27 de noviembre de 2000, 2000 T.S.P.R. 180, 152 D.P.R.____(2000), 2000 J.T.S. 190; In re Corujo Collazo, 149 D.P.R. 857 (1999); In re Ron Menéndez, 149 D.P.R. 105 (1999); In re López López, 149 D.P.R. 82 (1999).

Deberá, además, certificarnos dentro del término de treinta (30) días, a partir de su notificación el cumplimiento de estos deberes, notificando también de ello al Procurador General.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial de la abogada Ramos Bahamundi, incluyendo su sello notarial, debiendo entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lilliam Annette Ramos Bahamundi        AB-2002-233

SENTENCIA

San Juan, Puerto Rico, a 19 de febrero de 2004.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la separación inmediata e indefinida del ejercicio de la abogacía y de la notaría en Puerto Rico de Lilliam Annette Ramos Bahamundi, a partir de la notificación de la presente Opinión Per Curiam y hasta que otra cosa disponga este Tribunal. Le imponemos a ésta el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial de Lilliam Annette Ramos Bahamundi, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para el examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Notifíquese personalmente al querellado con copia de la Opinión que antecede y de esta sentencia. El Juez Asociado señor Rebollo López no intervino.


                         Patricia Otón Olivieri
                       Secretaria del Tribunal Supremo